| 68 | 435 |
| 869 | 599 |

ANNA SCHUTTE ET AL. v. THE UNITED ELECTRIC COM-
PANY OF NEW JERSEY.

Submitted July 5, 1902—Decided November 10, 1902.

A contracted with B to put in a meter to measure the electricity used
by him in his house. B subcontracted the work to C, who exer-
cised an independent employment. *Held*—

(1) That B, by force of the contract with A, is liable to A for
damages resulting to him from the negligence of C in doing the
work.

(2) That if B himself had done the work negligently, other per-
sons injured thereby could maintain an action of tort against B
for his negligence, although they could not base their action upon
the contract to which they were not a party.

(3) As between B and C, the latter exercised an independent em-
ployment, and that gave B the same immunity against an action
by others than A, for the negligence of C, that A would have if
sued for the negligence of B or C.

On rule to show cause.

Before Justices VAN SYCKEL and FORT.

For the plaintiffs, *Edward A. & William T. Day.*

For the defendant, *Bedle, Edwards & Lawrence.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an action to recover damages for
injury by fire to six buildings owned by plaintiffs. The real
plaintiff is an insurance company, which claims to be subro-
gated to the rights of the insured.

It is claimed that the fire was caused by electrical work
carelessly done by the O. K. Electric Company.

On the trial of the cause motion was made and denied for
the direction of a nonsuit, and for the direction of a verdict
on the ground that the work done was the act of an inde-
pendent contractor, duly qualified for the work, for whose
negligence the defendant could not be held responsible.

Six buildings were injured by the fire, which appears to have originated at the top of an electric switch-box through which the electric wires passed in entering building No. 51, in which a liquor saloon was kept by William Verdon.

This switch-box had been installed about April, 1899, by the Hudson Electric Light Company, a corporation with which the defendant was not connected, so far as appears.

In the spring of 1900 the North Hudson Light, Heat and Power Company, a corporation subsequently merged into the defendant company, and which was then furnishing electricity to Verdon, required him to install a meter for the purpose of measuring the electricity used in the building. Thereupon Verdon signed an application, dated May 21st, 1900, directed to the company, as follows:

"I hereby make application for connections for electric current for two A. C. arcs and seven incandescent lights of sixteen candle power (or the equivalent) for twelve months at No. 51 Fourteenth street, Hoboken, N. J. I agree to pay for the same at the rate of twelve cents per kilo-watt hour, as the same shall be measured by the meter or meters furnished by you, during the above-mentioned period, and thereafter as long as used."

On or about June 8th, 1900, the North Hudson Light, Heat and Power Company installed in Verdon's saloon a meter, connecting the same with the wires and apparatus which had been put in a year or more before.

The plaintiffs claimed that the fire occurred by reason of the defective manner in which this meter was installed.

It is not denied that, when the meter was installed, some of the wires of the switch were disconnected in the course of doing the work.

The North Hudson Light, Heat and Power Company made a contract with the O. K. Electric Company, an independent electric contractor, to make the alteration of the wires in the switch-box, which was necessitated by the installation of the meter.

It is insisted by the defendant that, if there was any negligence in altering the wiring in the switch-box, it was the

negligence of an independent contractor, who had exclusive charge of the work, and which cannot be imputed to the defendant.

The contract of Verdon was with the North Hudson Light, Heat and Power Company, under which said company was bound to use reasonable care in the work necessary to complete the installation of the meter, a care commensurate with the risk which attends the use of an agency so highly dangerous. As to Verdon the said company was an independent contractor, for whose negligence Verdon was not liable. There was no privity between Verdon and the O. K. Electric Company, and the North Hudson Light, Heat and Power Company could not escape liability to Verdon under its contract with him by employing another company to do the work, and thereby turn him over, without his consent, to a party which might be irresponsible for the damages he might sustain by breach of the contract he made with the North Hudson company.

The rule applicable to negligence of an independent contractor is not involved in this controversy so far as Verdon is concerned. If the owners of the buildings had sued Verdon for their loss, he was in a position to invoke that rule, but it constitutes no defence in an action by Verdon against the party with which he contracted.

The right of action of the owners of the houses rests upon a different principle; it cannot be based upon the contract of Verdon.

It is the recognized law of this state that one who is not a party to a contract cannot sue in respect of a breach of duty arising out of the contract. *Appleby* v. *State,* 16 *Vroom* 165; *Styles* v. *Long Co.,* 38 *Id.* 413; *Marvin Safe Co.* v. *Ward,* 17 *Id.* 19.

But Mr. Justice Depue, in his able review of the cases on that subject, was careful to limit the application of the rule, as follows:

"There is a class of cases in which a person performing services or doing work under a contract may be held in damages for injuries to third parties, occasioned by negligence or

misconduct in the execution of the contract; but these are cases where the duty or liability arises independent of the contract, and in such cases the plaintiff must count upon a wrongful act or negligence—a tort as distinguished from a mere breach of contract."

The same distinction is observed by Chief Justice Beasley, in delivering the opinion of the Supreme Court in *Van Winkle* v. *American Steam Boiler Co.*, 23 *Vroom* 247, where he says:

"And it would seem that there is a broader ground than the one above defined on which the present case can be based. It is this, that in all cases in which a person undertakes the performance of an act which, if not done with care and skill, will be highly dangerous to the persons or lives of one or more persons, known or unknown, the law, *ipso facto*, imposes as a public duty the obligation to exercise such care and skill."

This declaration must be accepted as the law of this court, and we agree that it is correct in principle and in accordance with the cases. If the negligent work had been done by the North Hudson company, the landowners, who are not parties to the contract of Verdon, could, under the cases last cited, have maintained their action of tort against the North Hudson company, and not upon the contract. But there is another factor in the case before us, which, under the case of *Cuff* v. *Newark and New York Railroad Co.*, 6 *Vroom* 1, we feel constrained to hold furnishes immunity to the North Hudson company against such action for tort. In that case Mr. Justice Depue says:

"The principle upon which the superior who has contracted with another, exercising an independent employment for the doing of the work, is exempt from liability for the negligence of the latter in the execution of it, applies as between the contractor and the subcontractor."

In that case, although the work was of a highly dangerous character, it was held that, because the subcontractor was exercising an independent employment, an action would not lie either against the railroad company or against the persons with whom it made the contract for the negligence of the subcontractor.

As between the North Hudson company and the O. K. Electric Company, the latter was an independent contractor, for whose negligence the former company cannot be held, except as before stated.

We are of opinion that, while there may be sufficient evidence of negligence to sustain a verdict in favor of Verdon, the action will not lie in favor of the owners of the other houses. Let a rule be entered accordingly.