WILLIAM P. VERDON v. UNITED ELECTRIC COMPANY OF NEW JERSEY.

Submitted March 19, 1903—Decided June 8, 1903.

In an action brought to recover damages by fire to property of plaintiff, the amount paid by an insurance company in settlement of the loss is not conclusive evidence that the damage was not greater than the amount allowed.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff, *Edward A. & William T. Day.*

For the defendant, *Bedle, Edwards & Lawrence.*

PER CURIAM.

The facts of this case as they appeared in a previous trial and the legal questions then raised, will be found reported in the opinion in *Schutte et al.* v. *United Electric Co. of New Jersey,* 39 *Vroom* 435. The record here presents the result of a retrial of that cause, so far as the present plaintiff was a party thereto. From a perusal of that opinion it will appear that the only questions left to be considered here on this motion for a new trial are (1) was there sufficient evidence of negligence to go to the jury, and (2) are the damages excessive. As to the first question, it must be answered in the affirmative; as to the second, our answer is that we find ourselves unable to disturb the verdict on the ground of excessive damages. To justify such interference the verdict must be clearly excessive.

The suit is brought by plaintiff for the recovery of damages for losses caused by fire and is prosecuted to the use of the insurance company to the amount of $960, paid by it to the plaintiff in settlement of his loss; the balance of damages, if any, are to be recovered by the plaintiff in his own behalf. On the previous trial the jury awarded to the plaintiff $2,060. The present jury has awarded the sum of $2,000. The bars of the saloon were of mahogany and were shown to be very valuable, and there was evidence tending to show that the damage to them was much greater than that allowed by the insurance company. There was also the question of the amount of the loss of profits from the interruption of the business to be considered by the jury; and there was some property destroyed not included in the settlement by the company, and, as the judge charged at the trial, the amount of $960 received from the company was some evidence of value, but it did not conclude the plaintiff. We do not think the amount of the verdict, which includes interest for a considerable period, is so far excessive as to warrant us in setting it aside.

The rule to show cause is discharged.