THOMPSON F, WHITE and ALAWILDA WHITE, his wife, *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries—Statute—Branch of Railway Track—Deposit and Survey—Independent Contractor; Negligence of—Liability of Company—Contributory Negligence— Damages.*

1. The provision of the general corporation law requiring a deposit with the State Treasurer, and the filing of a survey with the Secretary of State, where a railway company builds a branch of its main line, does not apply when that which was done was the straightening of a loop in the track, and not the making of a branch.

2. When a railway company constructs its line on a public highway of the city by virtue of the license or franchise which had been granted to the company, it has a right to construct such railway by its own immediate employees, or to let it out to contractors to construct for them,— leaving such contractors to employ their own servants and take their own methods in the execution of the work.

3. But such construction of the railway is the exercise of a vital part of the company's franchise, and even if the work is done by such a contractor in the employ of the company, whether he be called an independent contractor or otherwise the company would be liable for injuries resulting from the negligence of such contractor and any and all of his servants and employees.

4. The law will not permit the company to shield itself from liability for such negligence behind any such alleged independent contractor. In such work, in law, he would be the agent of the company.

5. In the lawful use of the streets of a city a pesdestrian is not bound to hunt for latent obstructions or dangers. He may fairly presume that they are in a reasonably safe condition for use, in the absence of any knowledge to the contrary. If, however, he knows of the existence of the danger, or under the circumstances ought to know of it, and with such knowledge voluntarily runs into the danger, he assumes all the risk of such conduct.

*(November 20, 1907.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Armon D. Chaytor, Jr.,* for plaintiffs.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, November Term, 1907.

ACTION ON THE CASE (No. 171, September Term, 1905), to recover damages for personal injuries to one of the plaintiffs, Alawilda White, the wife of Thompson F. White, the other plaintiff.

Plaintiffs alleged that on April 13, 1905, the defendant company, in the construction of a section or branch of its electric railway, was moving certain heavy steel rails by horse power, at Shallcross Avenue and Lincoln Street in Wilmington, that when the said wife, who was lawfully crossing said Shallcross Avenue, was in the act of stepping over one of the rails lying upon the said crossing, the said rail was suddenly moved by the defendant's servants, without warning, so that it fell upon her left foot which was thereby greatly mashed and bruised. Plaintiffs further alleged that the defendant placed said rails at the place mentioned without authority of law, and that the same constituted an obstruction of the highway and a nuisance, rendering the defendant liable for any injury occasioned thereby.

When the plaintiffs rested, Mr. Richards, counsel for defendant, moved for a nonsuit, upon the ground that there was no sufficient evidence to sustain either of the above allegations contained in the narr, such as would justify the Court in sending the case to the jury; stating that while Mrs. White, and also one of her witnesses, had stated that the Peoples Railway Company put the rails at said street crossing, and that the rail in question was being moved at the time of the accident by the Peoples Railway, yet upon cross examination it was distinctly shown that they had no knowledge upon either point, except what they gathered from the fact that they subsequently observed that the Peoples Railway Company operated cars on the tracks subsequently built there and running over said crossing.

LORE, C. J.:—We decline to grant the nonsuit.

The defense set up was two-fold: *First*, that whatever negligence there might have been, if any, was due and chargeable to a

person who occupied the relation to the Peoples Railway Company of an independent contractor, for whose negligence the defendant company was not liable. *Second*, that the plaintiff was guilty of contributory negligence in stepping over the rails at the time of the accident, inasmuch as she had ample opportunity to walk around them, as she had done when she first passed them on the morning of the accident, that the danger was open and apparent to her and she was bound to act accordingly.

During the progress of the testimony offered on behalf of the defendant, defendant's counsel proved by Richard W. Crook, General Manager of the defendant company, that in pursuance of a resolution passed by the Board of Directors of the Peoples Railway Company, on March 7, 1905, and appearing in the minutes of said corporation, he asked for bids from certain contractors for straightening the said company's track at the intersection of Shallcross Avenue and Lincoln Street, and received and accepted a bid for said work from one William H. Quigg, of Philadelphia. Mr. Richards thereupon asked the witness if said bid and acceptance were verbal or in writing.

This was objected to by Mr. Chaytor, counsel for plaintiffs, as immaterial, who contended that the defendant company was not lawfully in the street, not having complied with the General Corporation Law, providing for an additional deposit with the State Treasurer and the filing of a survey with the Secretary of State, where a railway company builds a branch of its main line.

*Richards*, for the defendant, replied; contending that for the purpose of straightening a track, as this was, it was not required of the defendant under the General Corporation Law to deposit money or file a survey.

LORE, C. J.:—This was not a branch; it was a straightening of a loop. It did not increase the mileage, requiring an additional deposit, or anything of that kind; but it diminished the mileage already covered by the deposit, if any there be. We do not

think your objection is tenable, but think the testimony is admissible.

The witness thereupon replied that the bid of William H. Quigg and the acceptance were in writing. Said bid or proposition, in the form of a letter to the railway company, also the acceptance were then identified by the witness, and offered in evidence by Mr. Richards.

The same were objected to by Mr. Chaytor, counsel for plaintiffs as immaterial because the principal cannot relieve itself from liability by the employment of an independent contractor when, in doing the acts complained of, the contractor is exercising a franchise granted to the principal.

1 *Thompson on Negligence, secs.* 669; 670 *and* 672; *Chicago &c R.Co. vs. Whipple,* 22 *Ill.* 105; *Chicago &c R. Co. vs. Mc-Carthy,* 20 *Ill.* 385; *Rockford &c R. R. Co. vs. Wells,* 66 *Ill.* 321; *West vs. St. Louis &c R. Co.,* 63 *Ill.* 547, 549; *Lowell vs. Boston &c R. Co.,* 23 *Pick.* 24 (31); *Hilliard vs. Richardson,* 3 *Gray (Mass.)* 349 (352); *Balsley vs. St. Louis &c R. Co.,* 119 *Ill.* 68 (71); *Chattanooga &c R. Co. vs. Whitehead,* 89 *Ga.* 190, 15 *S. E.* 44; *Lesher vs. Wabash Nav. Co.,* 14 *Ill.* 85; *Anderson vs. Mayor and Council,* 8 *Houst.* 516 .

*Robert H. Richards, for defendant:*

It is a general rule that one who has contracted with a competent and fit person, exercising an independent employment, to do a piece of work not in itself unlawful, or of such a nature that is likely to become a nuisance or to subject third persons to unusual danger, according to the contractor's own methods, and without being subject to control except as to the results of his work, will not be answerable for the wrongs of such contractor, his sub-contractors or his servants, committed in the prosecution of such work.

*Thompson on Negligence, Sec.* 621.

One who contracts to do a specific piece of work, furnishing his own assistants, and executing the work either entirely in accordance with his own ideas, or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is an independent contractor, and not a servant.

26 *Cyc.* 970.

As an exception to the above rule it has been held that a corporation cannot delegate its chartered rights, privileges and franchises by contracting with another to exercise them and thereby relieve itself from liability for the negligence of contractor's servants in attempting to exercise such chartered rights, privileges and franchises.

This exception, however, does not apply to contracts by railway companies for the construction and repair of their roads.

*Thompson on Negligence, Sections* 626, 627, 628 *and* 671; *Nellis on Street and Surface Railroads, page* 275; *Nellis on Street Railway Accident Law,* 464; *Clark on Street Railway Accident Law; Atlanta vs. Kimberly,* 13 *S. E. G.* 87, 161, 277; *Rogers vs. Florence,* 9 *S. E.* 1059; *McCann vs. Railway Co.,* 19 *N. Y. Supp.* 668; *Miller vs. Minnesota, etc.,* 76 *Iowa* 655; *Sanford vs. Pawtaucket, R. R.* 33 *L. R. A.* 564 (*R. I.;*) *Hauser vs. Railway Co.,* 58 *N. Y.* 286; *Thomas vs. Altoona,* 191 *Pa. St.* 361; *Edmundson vs. Railway,* 111 *Pa.* 316; *Railway vs. McConnell,* 13 *S. E.* 828; *Eaton vs. Railway,* 59 *Maine,* 520; *Tibbett vs. Knox,* 62 *Maine* 417; *Callahan vs. Railway,* 23 *Iowa* 56; *Charlebois vs. Railway,* 91 *Mich.* 59; *McCafferty vs. ·Railway,* 61 *N. Y.* 170; *Scarborough vs. Railway,* 10 *Southern* 316; *Hackett vs. Western Co.,* 49 *N. W.* 822; *Powell vs. Construction Company,* 88 *Tenn.* 692; *Railway Company vs. Willis,* 16 *Pac.* 728; *Schular vs. Railway,* 38 *Barb.* (*N·Y.*) 653; *LeRock vs. Railway,* 26 *Hun* (*N. Y.*) 382; *Railway Company vs. Chasteen,* 7 *So* (*Ala,*). 94; 40

*Am. and Eng. Rwy. Cases,* 559; *Reedy vs. Railway Company,* 4. *Exch* 244; *Hughes vs. Railway Company,* 15 *Am. and Eng. Rwy. Cases,* 100; *Hobbett vs. Railway Company,* 4 *Exch.* 253; 6 *Hurlst and N.* 488—490; *Cunningham vs. Railway Company,* 32 *Am. Reps.* (*Tex*)632; *Railway vs. Yonley,* 14 *S. W.* (*Ark.*) 800.

The Court sustained the objection and refused to admit the said bid in evidence, or the acceptance thereof, as immaterial; but subsequently allowed the defendant over objection to prove that the work in question was actually done by said William H. Quigg, and that the rail which caused the injuries complained of, was being moved by one Michael Donoho, a teamster of Wilmington, and a sub-contractor under the said William H. Quigg.

LORE, C. J., charging the jury,

Gentlemen of the jury:—Thompson F. White and Alawilda White his wife, the plaintiffs in this action, seek to recover damages for injuries which they allege the wife sustained by reason of the negligence of the Peoples Railway Company, the corporation defendant.

The plaintiffs allege that on the 13th of April, 1905, the defendant in the construction of its electric railway was moving certain heavy steel rails by horse power, at Shallcross Avenue and Lincoln Street in this City; that when the said wife, who was lawfully crossing said Shallcross Avenue, was in the act of stepping over one of the rails lying upon the street crossing, the said rail was suddenly moved by the defendant's servants without warning so that it fell upon her left foot, which was thereby greatly mashed and bruised.

The defendant resists this claim upon several grounds.

The first defense is, that the negligence, if any there was which caused the injury, was the negligence of an independent contractor, who was constructing that part of the railway of the

defendant company. That for the negligence of such independent contractor the defendant is not liable.

You should note, gentlemen, that at the time of the accident an electric railway was being constructed on Shallcross Avenue, a public highway of this City, and that said railway was being constructed by virtue of the license or franchise which had been granted to the defendant company.

The company had a right to construct such railway by its own immediate employees, or to let it out to contractors to construct for them; leaving such contractors to employ their own servants and take their own methods in the execution of the work.

Such construction of the railway was the exercise of a vital part of its franchise, and even if the work was done by such a contractor in the employ of the company, whether he be called an independent contractor or otherwise, the company would be liable for injuries resulting from the negligence of such contractor and any and all of his servants and employees.

The law will not permit the company to shield itself from liability for such negligence behind any such alleged independent contractor. In such work, in law, he would be the agent of the company.

If you should be satisfied, therefore, from the evidence in this case, that the injuries complained of by the plaintiff resulted from the negligence of such contractor, or persons working under him, as sub-contractors, servants or employees alone, you should find for the plaintiff.

The defendant resists upon the further ground, that neither it nor its contractors, servants or employees were guilty of any negligence. It claims that Mrs. White was fully warned of the danger of the crossing and advised not to take the risk by workmen of the contractor there employed at the time.

We will say to you, gentlemen, that the right of the plaintiff to recover in this action rests upon the negligence of the defendant company. The burden of proving such negligence is upon

the plaintiff; therefore, if you should find from the evidence that there was no negligence upon the part of the company, its contractor, agents or servants, at the time of the accident, your verdict should be for the defendant.

Another defense set up by the defendant is that the plaintiff herself was guilty of contributory negligence.

It is claimed that the rail by which Mrs. White was injured was moving at the time she attempted to step over it; that the danger was open and apparent; that she either saw or by the reasonable exercise of her senses should have seen and avoided the danger; that in attempting to cross under such conditions she took the risk and cannot recover.

In the lawful use of the streets of a city, a pedestrian is not bound to hunt for latent obstructions or dangers. He may fairly presume that they are in a reasonably safe condition for use, in the absence of any knowledge to the contrary. If, however, he knows of the existence of the danger or under the circumstances ought to know of it, and with such knowledge voluntarily runs into the danger, he assumes all risk of such conduct. Should you therefore be satisfied from the evidence that Mrs. White was fully apprised of the danger in this case, or in the exercise of reasonable care ought to have known of it, and with such knowledge attempted to cross the rail, she would be guilty of contributory negligence and cannot recover, if such negligence was the proximate cause of the injury.

We have been asked to direct you to return a verdict for the defendant. This we decline to do. We think this case should not be determined by the Court upon the law, but should be determined by the jury upon the facts of the case submitted in evidence under the charge of the Court as to the law.

It is for you to say, after full consideration of all the evidence, whether your verdict should be for the plaintiffs or for the deendant.

If you should find for the plaintiffs, it should be for such sum of money as will reasonably compensate them for the pain and suffering of the wife in the past, and such as may come to her in the future by reason of the injuries complained of, and for such permanent disability as may result therefrom, and also for money paid and laid out by her, if any, for medicine, medical attendance and in procuring labor to do the work she herself would otherwise have performed.

Verdict for defendant.