FRANK LANGRELL v. REESE B. HARRINGTON.

(*January* 24, 1945.)

RICHARDS, J., sitting.

*Percy Warren Green* for the plaintiff.

*Max Terry* for the defendant.

Superior Court for Kent County, No. 14, April Term, 1944.

RICHARDS, Judge.

The question raised by the demurrer is, whether one who orders work to be done on his premises from which it is natural to expect that injurious consequences will result, unless some means are adopted to prevent such consequences, can relieve himself from responsibility for injury or damage to the premises of another resulting from such work, by leaving it entirely to the person by whom such work is to be done, to do what is necessary to prevent such injury or damage.

The defendant contends that the work of tearing down, removing and leveling the walls of his said theatre was not performed by him, and that the exploding of dynamite in order to accomplish said work was not done by him, or by or through his agent or employee, but by an independent contractor J. Rodney King. The defendant further contends that having entered into an independent contract with the said J. Rodney King to perform the work of tearing down,

removing and leveling the walls of his said theatre, located as aforesaid, he is not responsible for the damage to the plaintiff's property resulting therefrom.

It is now generally recognized that an employer is not liable for the acts of an independent contractor or those who are answerable to him. The plaintiff recognizes this principle of law and it is therefore unnecessary to quote authorities therefor.

Our Court approved the principle in the cases of *Gooden and Clark v. Mitchell, 2 Terry* (41 *Del.*) 301, 21 A. 2d 197, and *McCrady v. National Starch Products, Inc., 2 Terry.* (41 *Del.*) 392, 23 A. 2d 108.

The plaintiff concedes for the purpose of the argument, that at the time J. Rodney King was engaged in tearing down, removing and leveling the walls of defendant's said theatre he was an independent contractor, but denies that under the facts of this case the defendant is relieved from liability for damage to his property.

It is contended that where the work to be done is dangerous in itself, or is of a character which is inherently and intrinsically dangerous, unless proper precautions are taken, an employer cannot evade liability by engaging an independent contractor to do it.

This contention is supported by the weight of authority. *Asheville Construction Co. v. Southern Railway Co.,* (4 *Cir.*) 19 F. 2d 32; *Atlanta & F. R. Co. v. Kimberly,* 87 *Ga.* 161, 13 *S. E.* 277, 27 *Am. St. Rep.* 231; *Van Dam v. Doty-Salisbury Co.,* 218 *Mich.* 32, 187 *N. W.* 285, 29 *A. L. R.,* 729; *McConnon v. Charles H. Hodgate Co.,* 282 *Mass.* 584, 185 *N. E.* 483; *Pine Mountain Railway Co. et al. v. Finley,* (*Ky.*) 117 *S. W.* 413; *Bower v. Peate,* 1876 *L. R. I. Q. B. Div.* 321, 45 *L. J. Q. B.* (*N. S.*) 446 35 *L. T.* (*N. S.*) 321; *Cisco & N. E. Ry. Co. v. Texas Pipe Line Co., Tex. Civ. App.,* 240 *S. W.* 990; *Baier v. Glen Alden Coal Co.,* 131 *Pa. Super.* 309, 200

A. 190, affirmed 332 *Pa.* 561, 3 A. 2d 349; *Water Co. v. Ware,*
16 *Wall.* 566, 21 *L. Ed.* 485; *Robbins v. Atkins,* 168 *Mass.*
45; 46 *N. E.* 425.

The performance of work dangerous in itself, or in-
herently or intrinsically dangerous, is an exception to the
rule that an employer is not liable for the acts of an inde-
pendent contractor. 39 *C. J.* 1331.

This Court held in *Mills v. Wilmington City Railway
Company,* 1 *Marv.* 269, 40 A. 1114, that one who is engaged
in blasting rock on or near a public highway is performing
work which is dangerous in itself, and consequently is re-
quired to use great care to prevent injury to persons entitled
to use the highway.

 The doctrine of independent contractor, under
which one who lets work to be performed by another, re-
serving no control over the manner in which said work is
to be done, is not liable to third persons for injuries which
resulted from the negligence of the person doing the work,
or his servants, has been held to be subject to a number of
important exceptions. One of these exceptions and one
which I consider applicable to this case, is where the em-
ployer is from the nature and character of the work, under
a duty to others to see that it is carefully performed. *Bower
v. Peate,* 1876 *L. R. I. Q. B. Div.* 321, 45 *L. J. Q. B. (N. S.)*
446, 35 *L. T., (N. S.)* 321; *Covington & Cincinnati Bridge Co.
v. Steinbrock et al.,* 61 *Ohio St.* 215, 55 *N. E.,* 618, 76 *Am. St.
Rep.* 375; *Woodman v. Metropolitan R. Co.,* 149 *Mass.* 335,
21 *N. E.* 482, 4 *L. R. A.* 213, 14 *Am. St. Rep.* 427; *Philadel-
phia, B. & R. Co. v. Mitchell,* 107 *Md.* 600, 69 A. 422, 17
*L. R. A. (N. S.)* 974; *Deming v. Terminal R. Co.,* 169 *N. Y.* 1,
61 *N. E.* 983, 88 *Am. St. Rep.* 521.

In the case of *Bower v. Peate, supra,* this exception was
very clearly stated by the Court in this language, "that a
man who orders a work to be executed, from which, in the

natural course of things, injurious consequences to his neighbor must be expected to arise, unless means are adopted by which such consequences may be averted, is bound to see to the doing of that which is necessary to prevent mischief, and cannot relieve himself of his responsibility by employing some one else, whether it be the contractor employed to do the work from which the danger arises or some independent person, or to do what is necessary to prevent the act he has ordered done from becoming unlawful."

As stated before both the case of *Gooden and Clark v. Mitchell* and the case of *McCrady v. National Starch Products, Inc.*, support the principle that an employer is not responsible for the acts of an independent contractor, but they do not support the defendant's contention in this case. In *Gooden and Clark v. Mitchell* the real question involved was whether certain injuries received by the appellee were compensable under the *Workmen's Compensation Law, Rev. Code* 1935, § 6071 *et seq.* The facts were not similar to the facts in this case. In *McCrady v. National Starch Products, Inc.*, the real question was to determine who was responsible for the negligent operation of an automobile, under circumstances very unlike the facts in this case.

The case of *White v. People's Railway Company*, 6 *Penn.* 476, 72 A. 1059, is not in point, because the work in question was being performed by the Railway Company under a franchise from the City. The Court took the position that the work was the exercise of a vital part of its franchise and it could not shield itself from liability for negligence behind an alleged independent contractor. The case of *Anderson & Son v. Mayor and Council of Wilmington*, 8 *Houst.* 516, 19 A. 509, is likewise not in point. In this case the defendant issued a permit to a plumber to open the public street for the purpose of connecting an adjoining dwelling with the water main in said street. The Court held the defendant was liable to the plaintiff for damage resulting

therefrom under its general duty to maintain the public streets in a safe and proper condition for public use, and that the person to whom it granted a permit to do the work was not an independent contractor and could not be held liable as such.

The defendant's theatre was located in a thickly settled district of the town of Harrington, the property in which the plaintiff was engaged in the mercantile business being thirty-two feet therefrom. It was therefore the duty of the defendant not only to maintain his said theatre so as not to damage the property of others adjacent thereto, but to see that such course was taken in removing the walls left standing after the fire as would likewise protect said property of others nearby and prevent it from being damaged. Consequently the defendant was not justified in leaving it entirely to J. Rodney King to determine the manner in which the wall of his said theatre was to be removed, or the instrumentality to be used in order to accomplish it. Dynamite is generally looked upon as inherently dangerous and should be handled with great care when used in the thickly settled district of a town for the purpose of blasting.

The demurrer is sustained.