**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a corporation of the State of Connecticut, Plaintiff,**

v.

**WESTGATE CONSTRUCTION CO., a corporation of the State of Delaware, and Longwood Construction Company, a corporation of the State of Delaware, Defendants,**

v.

**Charles M. ANTONINI et al., Third-Party Defendants.**

**Civ. A. No. 2703.**

United States District Court
D. Delaware.

March 31, 1964.

Albert L. Simon, Wilmington, Del., for plaintiff.

David Snellenburg, II, of Killoran & Van Brunt, Wilmington, Del., for defendant Longwood Construction Co.

LAYTON, District Judge.

This motion for summary judgment raises the question as to whether or not a general contractor-developer can foist off his liability for negligent performance under a building contract upon a sub-contractor under a defense that the allegedly negligent work was performed by an independent contractor.

The facts are these. Defendant Longwood, a contractor-developer, contracted to build for Mr. & Mrs. Jamieson a home in the former's development known as Westgate Farms. At the signing of the contract, the buyer specified the installation of an additional fireplace and Longwood agreed to do so pointing out that, in the plans, a closet adjoining the library would provide sufficient space for a chimney.

Longwood contracted with Antonini, a sub-contractor, to build the fireplace. Shortly after the Jamiesons moved into the home, it caught fire around the rear of the fireplace and was seriously damaged. Plaintiff, an insurance company, paid the loss and brought this action as subrogee.

Longwood has moved for summary judgment upon the ground that the negligence, if any, was attributable to Antonini, an independent contractor, for whose lack of care the general contractor would not be liable. I cannot agree.

■ Initially, it should be pointed out that, this being a diversity suit, Delaware law controls. However, the courts of Delaware have never considered vicarious liability under these circumstances with the result that I must determine as best I can what the Delaware courts would decide were this precise question presented to them. Bittner v. Little, 270 F.2d 286 (3rd Cir. 1959); Levine v. Levine, 209 F.Supp. 564 (D.C.Del.1962).

■ Conceding the general proposition that an employer is not liable for the negligence of an independent contractor, nevertheless, in recent years there has been a noticeable tendency to graft exceptions upon this classic doctrine. Mee-chem, Outlines of the Law of Agency, § 480 (4th Ed. 1952). These exceptions are based upon the rationale that certain responsibilities are of such importance that public policy should prohibit their delegation to others. In this connection, Prosser, Law of Torts, § 64 (1955), has stated:

"The employer of an independent contractor may be liable for any negligence of his own in connection with the work to be done. But the common law 'rule' has been that he is not liable vicariously for the torts of the contractor. To this rule certain 'exceptions' have been developed, which indicate a tendency to place the contractor upon the same footing as a servant. The more important exceptions are:

"a. Where the employer is under a duty to the plaintiff which the law considers that he is not free to delegate to the contractor.

"b. Where the work to be done is inherently dangerous to others, or will be dangerous unless particular precautions are taken."

And the Delaware decisions, though not exactly on the point to this case, have leaned toward this view. Thus, in Anderson & Son v. Mayor and Council of Wilmington, 8 Houst. (13 Del.) 516, 19 A. 509 (Super.Ct.1889), the court held that a municipal corporation could not, by permitting an alleged independent contractor to do the work, relieve itself of liability for failing in its duty to maintain streets in a safe condition. In White v. People's Ry., 6 Pennewill (22 Del.), 476, 72 A. 1059 (Super.Ct.1907), the court held that since construction of a railway was a vital part of the defendant's franchise, it could not escape liability for negligence in the performance of that work by using an independent contractor. And in Langrell v. Harrington, 3 Terry (42 Del.) 547, 41 A.2d 461 (Super.Ct.1945), the court recognized that the doctrine of independent contrac-

tor has been held to be subject to a number of important exceptions, and ruled that the exception concerning an employer who is, from the nature and character of the work, under a duty to others to see that it is carefully performed applied to an employer who had authorized an independent contractor to level the unstable walls of his burned-out building by blasting.

■ Although there is no Delaware case exactly on point, there is strong authority for the proposition that certain duties arising out of contract are nondelegable.[1] Speaking more precisely, inherent in any contract on the part of a general contractor to erect or repair a building is the obligation to do the work in a careful and workmanlike manner, 17A C.J.S. Contracts § 329 at 293 and n. 53.5,[2] and it would be indefensible to permit the general contractor to shrug off his contractual duties in this regard by arguing that the negligence was not his but that of an independent subcontractor employed by him. Exactly on this point is Mills v. Krauss, 114 So.2d 817 (Fla.Dist.Ct.App.1959), cert. denied, 119 So.2d 293 (Fla.1960), where it was said at page 820:

"The pleadings and facts involved in the present case show a contractual privity between the appellants and the owner of the premises; and we hold that the duty of a general contractor to use due care in repairing the premises of another, insofar as it is applicable to the owner of the premises, is a nondelegable duty which may not be committed to an independent contractor; *and the latter will be deemed to be the employee of the general contractor,* for whose failure to use due care in repairing said premises the general contractor will be held responsible. The general contractor, having undertaken to repair the premises of another, whether by his own employees or through an independent contractor or other agents, is under a duty to the owner of the premises by virtue of a relationship created by the general contract to see to it that due care is used in repairing the premises. *This contractual responsibility of the general contractor to the owner cannot be delegated to a third person in such manner as to relieve the general contractor of liability* for a violation of his duty in that behalf." (Emphasis added.)

Insofar as the exact facts of the case at bar are concerned, Mills would, in my judgment, be followed by the Delaware Courts.

■ However, Longwood contends that the complaint here sounds in tort, not contract, and that, therefore, a different result should be reached. This argument is not persuasive. As was said elsewhere, inherent in every construction contract is the implied duty to do the work in a careful and workmanlike manner. A breach of this duty can support an action based either on contract or tort.

1. Continental Insurance Co. v. Bahcall, 39 F.Supp. 315 (E.D.Wis.1941); Hampton v. Brackin's Jewelry & Optical Co., 237 Ala. 212, 186 So. 173 (1939); Alabama Power Co. v. Pierre, 236 Ala. 521, 183 So. 665 (1938); Alabama Power Co. v. Emens, 228 Ala. 466, 153 So. 729 (1934); Zevon v. Tennenbaum, 73 Ariz. 281, 240 P.2d 548 (1952); Mills v. Krauss, 114 So. 2d 817 (Fla.Dist.Ct.App.1959), cert. denied, 119 So.2d 293 (Fla.1960); John J. Radel Co. v. Borches, 147 Ky. 506, 145 S.W. 155, 39 L.R.A.,N.S., 227 (1912); Pacific Fire Ins. Co. v. Kenny Boiler & Mfg. Co., 201 Minn. 500, 277 N.W. 226 (1937); Schutte v. United Electric Co., 68 N.J.L. 435, 53 A. 204, (1902); Sack v. A. R. Nunn & Son, 129 Ohio St. 128, 194 N.E. 1 (1934); Jenkins v. Charleston Gen. Hosp. & Training School, 90 W.Va. 230, 110 S.E. 560, 22 A.L.R. 323 (1922); Restatement of Agency 2d § 214a; Restatement of Contracts § 160 (4); Restatement of Torts § 429; cf., Restatement of Torts, § 419.

2. Compare Danby v. Osteopathic Hospital Ass'n of Delaware, 34 Del.Ch. 172, 101 A.2d 308, 313–314 (1953), aff'd, 34 Del. Ch. 427, 104 A.2d 903 (1954); May v. Howell, 2 W.W.Harr. (32 Del.) 221, 121 A. 650 (Super.Ct.1923).

In this connection, 38 Am.Jur. Negligence, § 20 at 661–62 states:

"Ordinarily, a breach of contract is not a tort, but a contract may create the state of things which furnishes the occasion of a tort. * * * Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of contract. * * * The contract creates the relation out of which grows the duty to use care." [3]

While Delaware cases have not expressly laid down this general rule, it would be expected that they would follow it because of its almost complete unanimity and particularly since they have clearly recognized the similarly unanimous rule that there are many situations in which tort and contract are concurrent remedies. Garber v. Whittaker, 6 W.W.Harr. (36 Del.) 272, 277–78, 174 A. 34, 37 (Super.Ct.1934); Diver v. Miller, 4 W.W. Harr. (34 Del.) 207, 213, 148 A. 291, 293 (Super.Ct.1929). [4]

I can see no reason why the same duty should be non-delegable when the action is in contract and delegable when the action is in tort. Indeed, tort is the only clearly discernible theory in the cases cited earlier as holding that contract duties are non-delegable [5] and the Restatement of Torts itself adheres to the same rule in § 429.

I conclude that the Delaware courts, if presented with these precise facts, would hold that inherent in every building contract is the implied undertaking by the contractor that the work will be performed in a reasonably careful and workman-like manner, that such duties are non-delegable and, for a breach of such implied condition or duty, the injured party to the contract, at his election, could recover damages either in contract or tort.

The motion for summary judgment is denied.

Counsel may present an order in accordance with this opinion.

"Frequently upon substantially the same facts the law permits a recovery in a civil action of damages either for the breach of a contract, or for the wrongful act of the defendant, that is either in contract or in tort."

3. Accord e. g., Harzfeld's v. Otis Elevator Co., 114 F.Supp. 480, 484 (W.D.Mo. 1953); Flint & Walling Mfg. Co. v. Beckett, 167 Ind. 491, 498, 79 N.E. 503, 505–506, 12 L.R.A.,N.S., 924 (1906); Prosser, Selected Topics on the Law of Torts, 402–411 (1953).

4. As stated in 1 C.J.S. Actions § 47, at 1104:
"There are also certain classes of contracts which create a relation out of which certain duties arise as implied by law independently of the express terms of the contract, a breach of which will constitute a tort, and in such cases an injured party may sue either for breach of the contract or in tort for breach of the duty imposed by law, the rule being that, where there is a breach of duty imposed by law, an action in tort is not precluded because such duty arises out of a contract relation."
And see also 1 Am.Jur.2d, Actions § 32 at 567, where the same principle is stated in this way:

5. See note 1, supra. Only Alabama Power Co. v. Emens, Sack v. A. R. Nunn & Son, and Jenkins v. Charleston Gen. Hosp. & Training School, indicate clearly that they were decided upon a tort theory. In the other cases cited herein for the same point the courts apparently did not think it necessary to indicate whether contract or tort theories were involved. They might well have done so because the defense of independent contractor is peculiarly applicable to torts or because the appealing policy requiring that duties be nondelegable is equally applicable in either tort or contract. Compare Restatement of Torts § 429 with Restatement of Contracts § 160(4).