LILES, Chief Judge.
The defendant, Musselman Steel Fabricators, Inc., is appealing from a judgment entered in favor of plaintiff-appellee, Woodrow W. Channell, for personal injuries suffered by him. Plaintiff Channell was constructing a commercial building on property which he owned. He entered into a contract with defendant Musselman whereby Musselman was to fabricate and erect certain steel members for the roof of the building. Musselman furnished the steel and delivered it to the job site, however, Musselman did not erect the steel but instead sub-contracted the work to' Florida State Steel Erectors, an independent contractor.
From the undisputed evidence, it appears that Florida State Steel Erectors was in the process of raising the steel members to the roof when the boom cable on a wench truck owned and operated by Florida State Steel Erectors broke. This breakage caused the boom to fall and in falling it struck and seriously injured the plaintiff. It further appears that the parting of the cable was due to negligence on the part of Florida State Steel Erectors. Plaintiff sued Florida State Steel Erectors for its negligence and attempted to sue Mussel-man on several grounds, among which were: that the work contracted for was “inherently dangerous” and therefore Mus-selman was liable for the negligent acts of its sub-contractor, Florida State Steel Erectors ; that by virtue of the contract between plaintiff and Musselman, Musselman had the duty to perform this work with due care and because it failed to do so, defendant Musselman was liable alternatively in contract or tort.
The trial court allowed plaintiff to go to the jury on the theory of “inherently dangerous” operation but dismissed plaintiff’s counts based upon the duty arising from the contract between plaintiff and Mussel-man stating:
“In the absence of an inherently dangerous operation, defendant Musselman is not liable to a third party as a matter of law for failure of due care on the part of its sub-contractor in performance of *641 a contract or agreement of the nature of the one here involved.”
The jury found that Florida State Steel Erectors was negligent and that the operation was “inherently dangerous” thereby holding Musselman vicariously liable for the negligence of its sub-contractor. The jury awarded plaintiff $246,571 in damages against the defendants.[1] From the verdict and judgment entered thereon defendant Musselman has taken this appeal.
Under the general rule the employer of an independent contractor is not liable for the negligent torts of his contractor. Cawthon v. Phillips Petroleum Company, Fla.App.1960, 124 So.2d 517, 83 A.L.R.2d 1276. However, an exception to this rule of non-liability is made for those operations which are “inherently dangerous.” 57 C.J.S. Master and Servant § 590. The plaintiff sought to utilize this exception and hold Musselman liable for the negligence of its independent sub-contractor. Musselman contends that this exception based upon the “inherently dangerous” doctrine is not applicable to' persons in plaintiff’s position. At this point, it should be noted that plaintiff owned the land upon which the building was being constructed, initiated • the construction of the building, and employed defendant Mus-selman to construct and erect the steel roof members.
We agree with defendant’s contention and hold that, in light of the relationship that existed between plaintiff and Musselman, plaintiff cannot properly invoke the “inherently dangerous” doctrine to hold Musselman liable for the negligence of Musselman’s sub-contractor.
The “inherently dangerous” doctrine was developed to' protect third persons. It is not generally utilized to aid someone in contractual privity with the defendant. This is evidenced by the fact that neither plaintiff nor this court has discovered any authority for allowing a person in plaintiff’s position to invoke the “inherently dangerous” doctrine. On the other hand, however, there is an abundance of authority restricting the invocation of the doctrine to “third persons.”
57 C.J.S. Master and Servant § 590a, states at page 361:
“This exception is based on the unusual danger to third persons which inheres in the mere performance of the work itself aside from any negligence on the part of the contractor or his servants, and the reason for the imposition of liability is the duty of due consideration which one in a civilized community owes to his fellows and to the public, which duty precludes the ordering of that which if done will be inherently dangerous.” (Emphasis ours.)
Furthermore, 27 Am.Jur. Independent Contractors § 39 at page 517 says:
“ * * * The theory upon which this liability is based is that a person who engages a contractor to do work of an inherently dangerous character remains subject to an absolute, nondelegable duty to see that it is performed with that degree of care which is appropriate to the circumstances, or, in other words, that all reasonable precautions shall be taken during its performance, to the end that third persons may be effectually protected against injury. * * * ” (Emphasis ours.)
In Florida Power and Light Co. v. Price, Fla.1964, 170 So.2d 293, the plaintiff was an employee of an independent contractor, Harlan Electric Company. Harlan had contracted with defendant, Florida Power and Light Co., to construct an electrical distribution system in a subdivision. Plaintiff, while working on the system, was injured due to the negligence of a fellow employee. Plaintiff alleged that defendant’s electric power was a dangerous in *642 strumentality and attempted to hold defendant vicariously liable for the negligence of defendant’s independent contractor, Harlan Electric, or for the negligence of Harlan’s employee.
The Florida Supreme Court held that the plaintiff could not invoke the “inherently dangerous” or dangerous instrumentality doctrine in order to hold defendant, Florida Power and Light Co., vicariously liable. The court said at page 298:
“It may well be that said doctrines (dangerous instrumentality and inherently dangerous work) apply without exception to third party members of the public, but we do. not believe they apply without exception under all circumstances where an independent contractor and his employees are involved, absent any allegation or showing of an act of negligence or omission of duty or proper care on the part of a defendant engaged in a hazardous occupation who has contracted with the independent contractor to perform inherently dangerous work.

“ * * * Thus it may be said the exception to the doctrines grows out of the relationship created by the independent contract and the assumption of risks that are necessarily concomitant. Such an exception would not be applicable where members of the general public are injured since they are not embraced in the relationship created by the independent contract.”
In Price the court has made it clear that the “inherently dangerous” doctrine has limitations and that it is for the benefit of third party members of the public.[2]
It is interesting to note the anomalous situation that would arise if the “inherently dangerous” doctrine urged by the plaintiff were extended to its logical conclusion. If the work was “inherently dangerous” then plaintiff, the land owner and initiator of the building, could not delegate legal responsibility for the work to Musselman. Thus, plaintiff Channell would be both the plaintiff and as the one ultimately liable for safe performance, the defendant.
We hold that the trial judge erred in allowing this case to' go to the jury against defendant Musselman under the “inherently dangerous” doctrine and therefore the judgment against Musselman must be reversed.
As mentioned above, the trial court dismissed plaintiff’s counts which claimed that because plaintiff was injured as a result of Musselman’s failure to properly perform the contract Musselman was alternatively liable in contract or tort. The plaintiff has filed a cross-appeal contending that the trial court erred in refusing to allow plaintiff to prosecute his counts based on the duty arising by virtue of the contract between plaintiff and Musselman.
The question presented to this court is whether plaintiff can maintain an action against Musselman for personal injury suffered as a result of the negligent acts of an independent contractor hired by Musselman to fulfill its contractual obligation. Apparently, there are no Florida cases involving a similar factual situation. However, in Mills v. Krauss, Fla.App.1959, 114 So.2d 817, a hotel owner contracted with a general contractor for the repair of a hotel building. The general contractor let certain of the work to a sub-contractor. Through the negligence of the sub-contractor rain entered the building through the roof and caused substantial damage. This court held at page 820 that:
“ * * * [T]he duty of a general contractor to use due care in repairing the premises of another, insofar as it is applicable to the owner of the premises, is a nondelegable duty which may not be com *643 mitted to an independent contractor; and the latter will be deemed to be the employee of the general contractor, for whose failure to use due care in repairing said premises the general contractor will be held responsible. The general contractor, having undertaken to repair the premises of another, whether by his own employees or through an independent contractor or other agents, is under a duty to the owner of the premises by virtue of a relationship created by the general contract to see to it thatdue care is used in repairing the premises. This contractual responsibility of the general contractor to the owner cannot be delegated to a third person in such manner as to relieve the general contractor of liability for a violation of his duty in that behalf.”
See National Fire Insurance Company of Hartford v. Westgate Construction Co., 227 F.Supp. 835 (D.Del.1964), which follows Mills v. Krauss, supra.
In Easton v. Weir, Fla.App.1960, 125 So.2d 115, this court held that where a landlord assumed the duty of replacing the roof on a building occupied and under the control of a tenant said landlord was under a duty to see that no injury be inflicted on the tenant in the making of the repairs, and that the landlord could not absolve itself from liability by employing an independent contractor to perform the repairs.
The defendant acknowledges these case authorities but contends that they are not applicable to the instant case since the above-mentioned cases involved only property damage whereas the case at hand involves personal injury. We believe this distinction to be without merit.
In Zevon v. Tennebaum, 73 Ariz. 281, 240 P.2d 548 (1952), the plaintiff entered into a contract whereby the defendant was to furnish and install floor tiling. The defendant hired an independent contractor to lay the tile. Due to the negligence of the independent contractor in disconnecting and reconnecting certain gas appliances the plaintiff suffered personal injuries. The Arizona Supreme Court held that defendant could not escape liability on the theory that the negligent acts and resulting injury were caused by the independent contractor. Cf. Breeding’s Dania Drug Co. v. Runyon, 1941, 147 Fla. 123, 2 So.2d 376.
The Supreme Court of Minnesota in Pacific Fire Insurance Co. v. Kenny Boiler and Mfg. Co., 201 Minn. 500, 277 N.W. 226, 228 (1937), said:
“ * * * By contracting to attach the plates, defendant was under an absolute duty to perform its contract. It was not relieved of its duty to act by delegating the work of attaching the plates to an independent subcontractor; in legal contemplation the acts of the subcontractor constituted defendant’s performance of his contractual duties. 2 Williston on Contracts, Rev.Ed. §§ 411, 411 A. Where one person owes another a contractual duty to act, the law imposes upon the person owing that duty the further duty of acting with due care in the performance of his contract so as not to injure the contractee’s person or property. This duty is nondelegable. See note, Restatement, Torts, p. 1101. That is, the performance of the contract may be delegated to another, but this delegation does not relieve the contractor of the duty to act, or of his duty to act with due care. Consequently defendant is subject to liability for damage suffered by the con-tractee as a result of the negligence of the independent subcontractor. * * *” (Emphasis ours.)
We believe that the trial court erred in ruling that plaintiff could not bring an action based upon the duty arising by virtue of plaintiff’s contract with defendant.
Judgment for plaintiff is reversed and the case is remanded with directions that the plaintiff be allowed to bring a cause of action founded upon the duty arising from the contract between the parties. Upon *644 retrial it should not be necessary to retry the issues of Florida State Steel’s negligence, plaintiff’s contributory negligence or plaintiff’s assumption of risk as these issues have been resolved in the trial court and have not been raised on appeal.
ALLEN and HOBSON, JJ., concur.

. Defendant Florida State Steel Erectors has taken no appeal.

. See Patrick v. Faircloth Buiek Co., Fla.App.1966, 185 So.2d 522, wherein this court restricted the vicarious liability of automobile owners arising from the dangerous instrumentality doctrine.