Elizabeth Ann **BRANNON**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Doris H. **WIXTED**, Individually, and Doris H. Wixted, as Administratrix of the Estate of Thomas J. Wixted, Jr., Deceased, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

**MOTOR FUEL CARRIERS, INC.**, a corporation, for the use and benefit of Glens Falls Insurance Company, a corporation, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

Civ. A. Nos. 675, 685, 715.

United States District Court
N. D. Florida,
Marianna Division.

July 18, 1968.

**814**

Marvin A. Urquhart of Davenport, Johnston, Harris & Urquhart, Panama City, Fla., for Brannon & Wixted.

Ernest W. Welch of Isler, Welch, Bryant, Smith & Higby, Panama City, Fla., for Motor Fuel Carriers.

W. K. Whitfield, Tallahassee, Fla., Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for the United States.

## ORDER DENYING REHEARING

CARSWELL, Chief Judge.

This case comes before the Court upon motion ore tenus of the plaintiffs for rehearing of this Court's previous dismissal. Briefs have been submitted on behalf of the parties and reviewed by this Court.

The Court now adheres to the ruling of dismissal made at the close of plaintiffs' case as more fully appears in the trial transcript and for the reasons more fully appearing there. Further rehearing is denied and the consolidated cases stand dismissed without leave to amend.

Florida Power and Light Co. v. Price, 170 So.2d 293, 298 (Fla.1964) controls here and makes it clear that the doctrines of dangerous instrumentality and inherently dangerous work are limited to third party members of the public and do not apply to independent contractors and their employees, absent any showing of an act of negligence or omission of duty by the United States. Musselman Steel Fabricators, Inc., v. Channel, Fla.App., 208 So.2d 639, 642 follows *Price*, supra.

The corporate plaintiff was not a third party member of the public but rather a party who had intimate and protracted business dealings with the prime contractor at the site of the explosion. The corporate plaintiff from its experience knew or should have known the hazards involved.

The individual plaintiffs were employees of the prime contractor. Thus, none of the plaintiffs held the status of a third party member of the public.

Moreover, the United States had established a standard operating procedure and specifications which were reasonably thought to assure safety in view of the compliance with such standards which was contracted for. Further, the proof of the plaintiffs was at variance with the pleadings and rather than showing negligent lack of precautions by the United States, the plaintiffs introduced the assertion of a latent defect unknown to the United States or others involved. No basis for liability against the United States exists under these facts.

It is, therefore, upon consideration, hereby

ORDERED:

1. These consolidated cases stand dismissed without leave to amend.

2. Further rehearing of this dismissal is denied.