## THE CHATTANOOGA, ROME AND COLUMBUS RAILROAD COMPANY *v.* WHITEHEAD.

1. Where a declaration in an action of tort is brought against two defendants, and one of them is stricken therefrom by amendment without otherwise altering the language of the declaration, all the substantial allegations are thereafter to be read and understood as if there had been but one defendant originally.

2. The declaration as amended set forth a cause of action. A chartered railroad company permitting a construction company to use its franchises by running passenger-trains over and upon its railway, is responsible for torts to persons not connected with either company, negligently committed by the servants engaged in such running, and these servants, by whomsoever employed, are to be deemed and treated, relatively to the public, as the servants of the railroad company.

3. No substantial error was committed by the court on the trial of the case; and while the evidence barely authorized a recovery, there was no abuse of discretion by the presiding judge in denying a new trial.                    *Judgment affirmed.*

April 4, 1892. Argued at the last term.

Actions. Torts. Amendment. Railroads. Negligence. New trial. Before Judge MADDOX. Floyd superior court. March term, 1891.

Melia Whitehead sued the Chattanooga, Rome & Columbus Railroad Company and the Rome & Carrollton Construction Company, alleging that she was the wife of William Whitehead who was killed through the recklessness, negligence and gross carelessness of the defendant companies, their agents, etc., under the follow-

ing circumstances : He was walking in the direction of a public road and had reached it when, without warning, the engine, which was drawing a passenger-train of the defendant companies and running at full speed, struck him, inflicting fatal injuries. His death was the direct result of the injuries inflicted. The engineer did not blow or give any signal of danger, though he was nearing a public road, did not slacken the speed of the engine, and made no effort to stop the train or prevent the injury, but acted throughout with great carelessness and gross negligence, and without regard to the safety or life of her husband. By due care and caution the injury and the death of her husband could have been avoided. The facts described and each and all of them constituted gross negligence on the part of the defendant companies, and amounted to aggravating circumstances both in the act and intent. She set forth the age, expectancy, earnings, etc. of her husband.—By amendment she struck the construction company as a party defendant and proceeded alone against the railroad company.

The defendant demurred to the declaration, upon the grounds : It did not set forth a sufficient cause of action ; it showed on its face that plaintiff's husband could, by the use of ordinary care, have avoided the injury, and that the injury was caused solely by his negligence ; the declaration was originally jointly against the railroad company and the construction company, and plaintiff amended the same by striking the construction company, which was erroneously allowed, and after being allowed, plaintiff proceeded against the railroad company without other amendments defining the manner of the injury or whose employees caused it ; the declaration failed to show that the railroad company or its officers or agents caused the injuries, but on the contrary showed that if the railroad company was guilty at all it was jointly with the construction company ; it failed to

disclose that the railroad or its employees had any connection with the injury, or, if any, clearly what that connection was. This demurrer was overruled, and the defendant excepted.

In addition to the plea of the general issue, the railroad company pleaded that none of its officers or agents were in possession of the engine and cars that inflicted the alleged injuries; and also, that the injuries were received by Whitehead, not at a public crossing as alleged, but while he was trespassing upon defendant's railroad track and walking along the same. The trial resulted in a verdict for plaintiff for $750. Defendant's motion for a new trial was overruled, and it excepted. The motion contained the general grounds that the verdict was contrary to law, evidence, etc., and alleged that there was a variance between the allegations of the declaration and the evidence, the declaration seeking to make defendant liable as a joint tort-feasor, and the evidence showing that defendant had no direct connection with the homicide. Other grounds were as follows:·

Defendant's counsel introduced the stenographer's note of a former trial to show that a witness had then said that Bill Whitehead was not at the place where he had sent him after the oxen, and that he had no business where he was killed. The judge remarked in the hearing of the jury, "I don't see where the contradiction comes in." This was alleged to be error because it was an expression of opinion that the witness had not contradicted himself and testified differently at the two trials.

The court charged that the railroad company would be liable if the construction company was exercising the franchise of the railroad company and the railroad company had knowledge that the road was being operated by the construction company for hauling and transporting passengers. This was alleged to be error because

the railroad company was not liable for the acts of the construction company, except in its duty to those contracting with it as a common carrier, and because the declaration did not seek to render defendant liable as owner of the railroad, but as a joint tort-feasor, and after the amendment the case proceeded against defendant as the principal tort-feasor injuring the plaintiff's husband through the direct instrumentality of its own agents and employees.

The court charged : "Now the burden is upon the plaintiff in this case, in the first place, to show what the financial value of that life is, and also to show you by the evidence that he was injured by the railroad company, that is, that her husband received this injury from the railroad company and by reason of that fact died. If the plaintiff in this case has gone that far, then the burden in this case has been shifted ; it is then for the railroad company to show you, gentlemen of the jury, that this injury could have been avoided by the deceased party by the exercise of ordinary care, or they may show you from the evidence in this case that it was brought about by the gross negligence or carelessness solely of this party that was killed, or they may show you that they have exercised all ordinary and reasonable care to avoid this injury." This was alleged to be error because the fact of the husband having been killed did not put the burden on the railroad company, and this is especially true because this burden, when applied at all, is only against the company exclusively in control of the cars. Also, because the doctrine of a *prima facie* case has reference to a case where the plaintiff relies on it; in this case plaintiff alleged negligence and undertook to prove it, and did not rely on the presumption of law.

The court charged : "On the other hand, if you find that the injury was caused solely by the negligence of the plaintiff in this transaction—that is, by the deceased

v 89-13

party,—if it was brought about solely by his negligence; if the railroad company shows that fact, then the plaintiff in this case cannot recover." Error, because the law is, that plaintiff cannot recover where the injury was the result of his own negligence, and the use of the word "solely" unduly restricted the jury.

W. W. BROOKES, W. T. TURNBULL and HALL & HAMMOND, for plaintiff in error.

WRIGHT & MEYERHARDT, *contra.*