WALL *v.* WALL.

No. 9177.  MARCH 20, 1933.

*Olin Hammock,* for plaintiff.

*James W. Harris,* for defendant.

RUSSELL, C. J.   The plaintiff filed a petition against Pauline Hendry Wall, widow of petitioner's deceased son B. T. Wall, and against Andrew Low Wall, a son of petitioner, alleging substantially as follows:   On November 27, 1929, petitioner conveyed to B. T. and Andrew Low Wall her life-interest in certain property left by her husband, upon the representations that they would support her for the remainder of her life, and that her property could thus be more easily handled for her benefit.   By successive conveyances she and her sons conveyed certain of said lands to third persons; and about August, 1930, there remained in the names of her sons, or of Pauline Hendry Wall, only a portion of said realty.   In said month petitioner filed her petition to have her deed to her said sons (only as to such land as was still in their possession) canceled

on the ground of their failure to carry out their agreement to support her, and on other grounds of fraud specified. Pauline Hendry Wall was a defendant in that suit, and was charged with knowledge of the fraud alleged. She and petitioner's two sons told her that if she would release her suit and consent to the sale of the remaining lands, they would give her one third of the proceeds of the sale, and would support her for life as initially agreed by them. Relying on these representations, petitioner dismissed said suit, and the land was sold and the entire proceeds delivered to petitioner in cash, "and she endeavored to keep and safeguard the same for her own use; but upon her return to her home where she was then living with defendants, her said sons, with the full knowledge and consent of her said daughter-in-law, Pauline Wall, took the said money over the protests of petitioner, and eloigned and carried the same away and have never made any accounting to your petitioner therefor." Plaintiff is fifty-nine years of age, and inexperienced in business; and she relied on her sons. Certain real and personal property (described in the petition) was purchased with said funds, and is in the possession of the defendants. "Defendants have carried on a systematic scheme to divest petitioner of all interest in and to said property left her under the will of her said husband; and, having secured possession thereof or of the proceeds thereof, have cast your petitioner out upon the world alone and penniless, and do not offer her a home nor contribute to her support." She prays that a constructive trust be declared in the property purchased with the funds eloigned from her possession; for an accounting; for a lien upon said property; and for general relief.

According to the allegations of the petition, the property on which it was sought to impress a trust consisted of certain lands bought and held in the name of Andrew Low Wall, and certain other lands with described personalty purchased and held in the name of Pauline Hendry Wall. Pauline Hendry Wall answered, denying the material allegations in the petition, so far as applicable to her. At the trial, on the plaintiff's motion, the suit was dismissed as to Andrew Low Wall, it not appearing that service on him had been obtained. Pauline Hendry Wall thereupon moved to dismiss the case as to her, on the ground that the pleadings showed that she was a joint contractor with the other defendant, and recovery was sought against her as such; and that the plaintiff, hav-

ing dismissed the case against the codefendant, could not proceed against her. The court dismissed the suit, and error was assigned on that judgment.

There was really but one question presented for adjudication. The plaintiff having dismissed from the action one of the defendants, who was a resident of a different county and who had not been served, and intending to proceed against the remaining defendant, who resided in the county and who had been served, counsel moved to dismiss the action, on the ground that by the dismissal as to one of the defendants the plaintiff had no cause of action against the remaining defendant, because the action was ex contractu instead of ex delicto. In an action ex contractu against two or more joint contractors, the recovery must be upon their joint liability, which requires that all must be joined in the action. The rule as to tortfeasors (or an action sounding in tort) is exactly the opposite. In an action for damages dependent upon a tort, the liability of each and every tortfeasor is several, though the tortious act was one in which all may have participated, and although the injured party may recover against one only slightly concerned in the wrongful act for the greatest injury which may have been inflicted by the most guilty of the tortfeasors. So if the action in this case, as stated in the petition, is clearly one ex contractu, the petition should have been dismissed. On the other hand, if the allegations of the petition can be construed as an action in tort or ex delicto, the plaintiff had a right to proceed to establish her case against only one of the three persons who are alleged to have participated in a conspiracy to defraud her, and who by fraud and deceit injured and damaged her. The alleged conspirators are two sons and a daughter of the plaintiff. The petitioner alleges, that, pursuant to their conspiracy, she was induced, by statements and promises of her sons which they never expected to perform or to fulfil, to surrender to her sons her share of the estate of her deceased husband, the inducement held forth being that it would be better for her to have the property in their hands, and better for her future interest were it conveyed to them for their management, promising at the same time that they would see that she was amply supported. Becoming dissatisfied with this arrangement, which was not complied with, she filed her petition to cancel the deeds she had executed, praying that title be restored to her. When this happened, her sons and daughter in

law approachd her and induced her to agree that the property should be sold, promising she should receive one third of the proceeds of the sale. The property was accordingly sold, and (perhaps because the purchasers were afraid to take title from any one except the widow herself) the purchase-price was all paid to the plaintiff. Thereupon, according to her allegations, the defendants eloigned and took from her possession, without her consent, the entire purchase-price. This was a violation of the last agreement, it is true, but it was not a breach of the contract. It was a trespass vi et armis. The proceeding was the result of a conspiracy which made the act of one the act of all. The use of the word "eloign" is merely a euphemistic designation of what might well be called larceny from the person, or larceny from the house, even if the omission of the technical statement "putting in fear" prevents it from properly being called robbery.

The Civil Code (1910), § 4407, declares: "When a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other." We are of the opinion that even if this petition sets up an action which partakes of the nature of a contract as well as a tort, the plaintiff, by dismissing her action against one of the tortfeasors and leaving only one remaining defendant, evidently waived any portion of the action which might be construed as being ex contractu. Under the allegations of this petition we think that the second division of § 3739 of the Civil Code of 1910, is controlling. This section states the circumstances under which trusts are implied, and the second division says that a trust may be implied where, from any fraud, one person obtains the title to property which rightly belongs to another." "Courts of chancery being expressly charged with the management and government of trust estates, it is hereby made the duty of the judges of the superior courts of this State to see that the provisions of this article are enforced." § 3761. "When assets are misapplied and can be traced in the hands of persons affected with notice of the misapplication, the trust attaches still to the assets, and equity will aid in restoring them to their legitimate purpose." § 3785. It is our opinion that the allegations of the petition entitle the plaintiff to subject certain property which now stands in the name of the defendant, as she has traced the funds into such property. If she wishes, later and in another suit she

may trace the funds eloigned into the property in which it was invested in other counties, wherever it may be reached.

A controlling authority is the ruling in *Seaboard Air-Line Railway* v. *Randolph,* 126 *Ga.* 238 (55 S. E. 47) : "Where a petition in an action in tort is brought against two defendants, and no service is perfected upon one of them, it may be amended by striking therefrom the one not served; and if this is done, without otherwise altering the language of the petition, all the substantial allegations of the petition will thereafter be read and understood as if there had been only one defendant originally." See *Chattanooga, Rome &c. Railroad Co.* v. *Whitehead,* 89 *Ga.* 190 (15 S. E. 44) ; *Chattanooga, Rome &c. Railroad Co.* v. *Davis,* 89 *Ga.* 708 (16 S. E. 626).

It matters not even if one of his joint conspirators or joint tort-feasors gets nothing from the transaction. It was said in *Anderson* v. *Foster,* 112 *Ga.* 270 (37 S. E. 426) : "One who aids and assists a trustee in misapplying trust funds, with knowledge of his misconduct, is directly accountable to the person injured by such misapplication, although the person thus assisting the trustee does not himself reap the fruits of the misappropriation but pays the fund over to another whom he represents. In such a case the person injured by the misappropriation may bring a separate action against each of the persons through whose hands the fund has passed, or join them all in one suit." We think that the allegations in this case entitle the plaintiff to the relief for which she prays. It was held in *Cowart* v. *Fender,* 137 *Ga.* 586 (73 S. E. 822, Ann. Cas. 1913A, 932) : "Where several persons conspire to defraud one of his money, without consideration, but do not jointly receive the money so obtained, but in different amounts and on different dates, suit may be brought in tort jointly against the defendants in the county of the residence of either of the tortfeasors (the act of one being the act of all) to recover the amount of money so secured." That case was an action in assumpsit; and the court held that if the action was for money had and received by each of the defendants to his own use, the action in contract would have to be brought against each one separately in the county of his residence; but the court expressly held that the action might be against all of them for the tort; and the cases all taken together show that in tort the recovery may be joint or several. "One who, as the result of a fraud

upon the owner, comes into possession of property of another, and attempts to create a lien thereon to secure a debt which was in existence before the lienor acquired possession, and the lienee who causes the property to be seized under the lien, and the purchaser at the sale had thereunder, who at the time of the sale had notice of the invalidity of the lien, are joint wrongdoers, and the owner may proceed against one or any number of them at his option, and the failure to hold any of them liable will not release the others." *Mashburn* v. *Dannenberg Co.*, 117 *Ga.* 567 (13) .(44 S. E. 97). This court also held in the same case that the question of contribution as between the wrong-doers was no concern of the plaintiff. In *Smith* v. *Manning*, 155 *Ga.* 209 (2) (116 S. E. 813), it was held: "Where several persons conspire to rob and swindle other persons generally and pool their illegally obtained gains, they are jointly and severally liable for all the acts of each, done in pursuance of the conspiracy." The rule applicable to this case is very concisely stated in Andrews' Stephen's Pleading, 81: "As to parties defendant in tort: one, or any, or all of several joint wrong-doers may be sued."

The authorities we have cited show that the liability of joint wrong-doers is joint and several in actions ex delicto, in conspiracy, in trespass, and in deceit. The facts stated in the petition in the instant case constitute a sufficient basis to support a charge of fraud. "Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." Civil Code (1910), § 4623. "Private duties may arise either from statute, or flow from relations created by contract express or implied. The violation of any such specific duty, accompanied with damages, gives a right of action." § 4406. It was said in *Owens* v. *Nichols*, 139 *Ga.* 475, 476 (77 S. E. 635) : "Whether such relation would bring about such result would depend on the nature of plaintiff's cause of action. In *Wolff* v. *Southern Ry. Co.*, 130 *Ga.* 251, 256 (60 S. E. 569), it was said: 'Our Civil Code, § 3807, declares a tort to be a "legal wrong committed upon the person or property independent of contract;" and that such legal wrong may be "the violation of some private obligation by which damage accrues to the individual." The "private obligation" here referred to evidently means a private duty arising

either from law or from a relation created by contract express or implied. Civil Code, § 3810. It is well recognized that a tort may result from the violation of a duty which is itself the consequence of a contract (see Civil Code, § 3812), or, as expressed in *City &c. Railway* v. *Brauss*, 70 *Ga.* 368: "If a contract imposes a legal duty upon a person, the neglect of that duty is a tort founded upon a contract. In such a case the liability arises out of a breach of duty incident to and created by the contract, but is only dependent upon the contract to the extent necessary to raise the duty. The tort consists in the breach of duty."'" It is declared that "A fraud may be committed by acts as well as words" (Civil Code, § 4419), and that "Fraud . . being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence" (§ 4626). While the broad statement that the conduct of the defendant constituted fraud would be insufficient without an allegation of circumstances from which the court might determine whether the pleader reached the right conclusion in saying that a fraud was committed, still it is not essential to state more facts than may be necessary to carry conviction of the existence of fraud.

We have alluded to the principle that in a case where the petition is ambiguous and it is not clear whether the cause of action is one ex contractu, or ex delicto, the doubt should be resolved in favor of the plaintiff as to the manner in which he elects to pursue. This is well illustrated by the ruling in *Southern Bell Telephone Co.* v. *Earle*, 118 *Ga.* 506 (45 S. E. 319), where this court went much further than is necessary in the case at bar, saying: "A contract to furnish telephone service is alleged, and a breach of that contract. Taking the allegations of the petition all together, however, we think it is clear that the plaintiff is seeking to recover damages on account of a breach of the duty owed him by the defendant, and that the action should be treated as one of tort." The court held: "Where a petition is ambiguous in failing to make clear whether the cause of action declared on is one sounding in contract or in tort, but no demurrer is filed, and the allegations and prayers of the petition, taken all together, manifest that it was the intention of the plaintiff to sue for a tort growing out of the breach of a contract, it is not error to treat the suit as an action ex delicto, and to charge, where the evidence warrants it, the law as to punitive damages." See also *Seals* v. *Augusta Southern Railroad Co.*, 102

*Ga.* 817 (29 S. E. 116). Following these decisions we held, in *Central of Ga. Ry. Co.* v. *Chicago Portrait Co.*, 122 *Ga.* 11 (49 S. E. 727, 106 Am. St. R. 87): "Where a petition can be construed either as a suit in contract or as an action for a breach of duty *arising out of* the contract, the latter construction will be adopted." The petition in this case charges a conspiracy to deceive the plaintiff, which actually did deceive her, and a conspiracy to defraud her by making wilful misstatements to induce her to act to her injury. In these circumstances an action for deceit would lie. The allegations upon this point are consistent with our holding in *Hines* v. *Wilson,* 164 *Ga.* 888 (139 S. E. 802): "Where parties conspire to defraud the plaintiff or make a wilful misrepresentation of material fact to induce the plaintiff to act to his own injury, an action for deceit will lie. *Cheney* v. *Powell,* 88 *Ga.* 629 (15 S. E. 750)."

From what we have said, we are of the opinion that the learned trial judge erred in dismissing the action. The dismissal was based upon the ground of nonjoinder, and doubtless upon the theory that the action was one ex contractu. Properly construed the action was n tort, and the plea of nonjoinder was not available. The petitioner had the right to dismiss, as she did, as to one of the parties named as defendants, and to proceed solely against the remaining defendant.           *Judgment reversed.   All the Justices concur.*