### 53329. NOLAND COMPANY v. COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY et al.

STOLZ, Judge.

The appellant materialman brought an action against the appellees to recover on a labor and material payment bond which designated the appellees as co-sureties, and the building general contractor as principal. The trial judge granted summary judgment for the appellees on the basis of their discharge by the appellant's refusal to sue the principal subsequent to notice given pursuant to Code § 103-205, from which judgment the appellant appeals.

1. The appellant contends that Code § 103-205 is not applicable to the bond in question. Its argument is substantially as follows: The appellees were neither sureties nor guarantors, but were co-makers, for the reason that their liability was joint and several with that

of the principal. The appellant materialman, not having been expressly made a party to the bond, had to bring its action as a third-party beneficiary under Code § 3-108. Since the appellant dealt solely with the subcontractor, however, the appellant could proceed directly against neither the general contractor (principal) nor the owner. If the sureties are permitted to be relieved of their liability by the provisions of § 103-205, goes the argument, then the appellant's sole recourse would be the filing of a lien on the owner's property, which would destroy the owner's protection under the bond.

The above argument is without merit, however. In another action on the same type of bond, containing identical language with respect to joint liability of the principal and the surety, this court considered it a surety contract, and held that the plaintiff materialman might "sue the principal and the surety jointly, or at his option he may sue either the principal or the surety alone." *Aetna Cas. &c. Co. v. Aluminum Co. of America,* 122 Ga. App. 324 (2) (176 SE2d 654). The appellant did not need to bring the action as a third-party beneficiary. It was a "claimant," entitled to sue on the bond for nonpayment, under the contract definition, viz., "one having a direct contract with the Principal *or with a Subcontractor of the Principal* for labor, material, or both, used or reasonably required for use in the performance of the Contract, . . ." (Emphasis supplied.) (The plaintiff here supplied materials to a subcontractor of the principal.) Thus, the appellant-claimant-creditor had a remedy against either the principal or the co-sureties, without infringing on the owner's protection under the bond. The fact that the appellant is now left with a claim solely against the principal, instead of against the principal and the co-sureties, resulted not directly from the operation of a statute, but from the appellant's own failure to commence an action against the principal within three months after receiving the notice provided in § 103-205.

2. The notice given by the appellees sufficiently complied with the requirements of § 103-205. That the notice was by the sureties, was apparent from the letterhead, the reference to the caption of the instant case, the statement within the letter that the notice was "on

behalf of the co-sureties," and the signature of the "bond claim attorney," as the agent of the appellee co-sureties. Although the notice letter referred several times to the principal by an abbreviated name ("Community Building Corporation" and "CBC"), it also clearly specified the complete name, i.e., "Community Building Corporation of Atlanta," and gave its address, including the county, as required by the statute.

3. The present action was commenced by the appellant claimant within one year of the completion of work on the building contract by the principal-general contractor, as required by the bond. The appellant contends that the appellees should be estopped to assert the provisions of Code § 103-205, supra, by having waited until after the limitation period in the bond had expired to give the § 103-205 notice. The statute provides, however, that such notice may be given *"at any time* after the debt on which [the surety] is liable becomes due." (Emphasis supplied.) The notice given was thus timely under the statute, and the appellant, rather than the appellees, is estopped under the statute (as against the appellees) by having failed "to *commence* [not necessarily recover in] an action for the space of three months after such notice." (Emphasis supplied.)

There appearing no genuine issue as to any material fact, and the moving party being entitled to a judgment as a matter of law, the grant of summary judgment is affirmed.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 14, 1977.

*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellant.

*Smith, Currie & Hancock, Kent P. Smith, Robert D. Marshall,* for appellees.