75256. TURNER OUTDOOR ADVERTISING, LTD. v. OLD
SOUTH CORPORATION.
(365 SE2d 149)

POPE, Judge.

Plaintiff Turner Outdoor Advertising, Ltd., brought this action against defendant Old South Corporation to recover monthly payments allegedly due under a contract for billboard advertising. Neither party conducted pre-trial discovery and the case came on for jury trial. During the presentation of plaintiff's case, evidence was presented which showed the original contract between the parties to this action had been superseded by a new contract which added an additional party as an obligor to the plaintiff. At the close of plaintiff's evidence, defendant moved for directed verdict on the ground the additional party was a joint obligor on the contract and was therefore an indispensable party which plaintiff failed to join in this action. Plaintiff appeals from the grant of said motion.

1. Plaintiff's first two enumerations of error assert that the trial

court erred in "finding as a matter of law" that the additional party was a joint obligor under the contract and therefore a necessary and indispensable party to the action without whom the action could not proceed. We note that the order granting the motion for directed verdict made no such finding. More properly, then, we will consider these two enumerations as arguing that a directed verdict was improper because the additional party was not a joint obligor and because, even if it was a joint obligor, the plaintiff could rightly bring its action against only one of the two obligors. We agree that the grant of directed verdict was improper, but for reasons other than those asserted in plaintiff's first two enumerations of error.

Plaintiff does not deny that the third party was added as an obligor under the contract. During the term of the original contract for advertising, a new advertiser was substituted and the billboard was changed. At that time, a new written contract was executed identical to the first except that the new advertiser also executed the contract as one of the promisors for stipulated monthly payments. Unless otherwise stipulated, the common promises of several persons are presumed to be joint obligations. In this case, the two executing parties are referred to in the body of the contract as "we (the undersigned)." All promises contained within the contract are worded jointly, for example, "we promise to pay" and "we agree to pay." Therefore, the record shows the contract was made between plaintiff and two joint obligors. "In an action ex contractu against two or more joint contractors, the recovery must be upon their joint liability, which requires that all must be joined in the action." *Wall v. Wall*, 176 Ga. 757, 759 (168 SE 893) (1933). We reject plaintiff's argument that the facts of this case present an exception to this general rule.

2. However, we agree with plaintiff that the court erred in directing the verdict for the defendant because of plaintiff's failure to join a necessary party. A co-obligor to a contract is a necessary party who should be joined in the action, pursuant to OCGA § 9-11-19 (a), where possible. See *Weiss v. Gunter*, 144 Ga. App. 513 (241 SE2d 623) (1978). However, whether a co-obligor is an indispensable party without whom the action should be dismissed is a separate issue. OCGA § 9-11-19 (b). First, it should be determined whether the necessary party cannot be joined for lack of jurisdiction, venue or some other reason. While it appears from the face of the contract that the joint obligor in this case may have been a Florida corporation, the record is devoid of evidence that the joint obligor can or cannot be made a party to the action. "If the indispensable party can be joined, the court should ordinarily permit the joinder and not dismiss the action." (Punctuation and citation omitted.) *S. D. H. Co. v. Stewart*, 135 Ga. App. 505, 508 (218 SE2d 268) (1975). Accord *Guhl v. Tuggle*, 242 Ga. 412 (1) (249 SE2d 219) (1978); *Dismuke v. Stynchcombe*, 237

Ga. 420 (4) (228 SE2d 817) (1976); *Coe v. Greenville Credit &c. Co.,* 164 Ga. App. 521 (3) (298 SE2d 36) (1982); *Henry v. Moister,* 155 Ga. App. 462 (1) (271 SE2d 40) (1980). Accordingly, the trial court's direction of a verdict against plaintiff is reversed with direction that upon receipt of the remittitur the trial court enter an order allowing plaintiff a reasonable time in which to add the joint obligor as a defendant to this action or to amend its complaint to state the reason why the necessary party cannot be joined, pursuant to OCGA § 9-11-19 (c), or to face dismissal.

If for lack of jurisdiction, or any other reason, the joint obligor cannot be joined as a party to the action, then the trial court must determine, by considering the factors set forth in OCGA § 9-11-19 (b), if the necessary party is also an indispensable party without whom the action should not proceed. For purposes of federal diversity jurisdiction, the majority of federal courts apparently hold that a joint obligor is not an indispensable party to a suit based on breach of contract. See *Camp v. Gress,* 250 U. S. 308 (39 SC 478, 63 LE 997) (1919); *Brackin Tie &c. Co. v. McLarty Farms, Inc.,* 95 FRD 328 (S.D. Ga. 1982). However, in an early case, the Georgia Supreme Court stated that where joint obligors to a contract are not joined, the case must be dismissed. *Wall v. Wall,* supra. Although the holding in that case was ultimately based upon a finding that the action was one in tort and not in contract, we are constrained to follow the clear and unequivocal statement of the law contained within that opinion by the Supreme Court. Any change in Georgia law to reflect the more modern rule for determining whether a joint obligor is an indispensable party must be announced by the Georgia Supreme Court.

3. We find no merit in plaintiff's final enumeration of error, in which plaintiff argues the joint obligor, who admittedly was never served with the complaint, should be considered as being before the court in the trial of the case because it was "aware" that suit had been filed on the contract.

*Judgment reversed with direction. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 19, 1988.

*Lawrence S. Burnat, Lynn C. Stewart,* for appellant.
*Charles J. Driebe, Jr.,* for appellee.