A90A1473. FLOYD DAVIS SALES, INC. v. CENTRAL MORTGAGE CORPORATION OF MICHIGAN.
(398 SE2d 820)

McMurray, Presiding Judge.

Plaintiff Floyd Davis Sales, Inc., d/b/a Woodstock Door and Trim Company, filed this action for a judgment on an indebtedness against defendant Central Mortgage Corporation of Michigan, d/b/a Central Funding Company. The complaint alleges that plaintiff delivered goods to Walter Luce & Associates, Inc., for use in the improvement of real property, that defendant guaranteed payment for those goods, and that the debt has not been paid. Defendant moved to dismiss plaintiff's complaint for failure to join indispensable parties, Walter Luce & Associates, Inc., and Walter Luce, individually, who had also guaranteed payment of the debt. Plaintiff appeals from the grant of defendant's motion to dismiss. Held:

Defendant's position that Walter Luce & Associates, Inc., and Walter Luce, individually, are indispensable parties is based on the supposition that they, along with defendant, are joint, but not several obligors. "[W]here joint obligors to a contract are not joined, the case must be dismissed. Wall v. Wall, [176 Ga. 757, 759 (168 SE 893)]."

*Turner Outdoor Advertising v. Old South Corp.,* 185 Ga. App. 582, 583 (2), 584 (365 SE2d 149).

Plaintiff responded with reliance upon OCGA § 10-7-1 which, in addition to removing the former distinctions between contracts of suretyship and guaranty, provides in part that "[s]ureties, including those formerly called guarantors, are jointly and severally liable with their principal unless the contract provides otherwise." Due to the absence of any contractual language altering the statutory terms, it is clear that defendant and Walter Luce & Associates, Inc., are several, as well as joint obligors, and thus beyond the purview of *Turner Outdoor Advertising v. Old South Corp.,* 185 Ga. App. 582, 583 (2), 584, supra.

Defendant further argues that the cosureties, that is, defendant and Walter Luce, individually, as between themselves, are joint, but not several obligors, so that the holding in *Turner Outdoor Advertising v. Old South Corp.,* 185 Ga. App. 582, 583 (2), 584, supra, is applicable. In support of this contention, defendant raises two points. First, defendant notes that the language of OCGA § 10-7-1, while stating a presumption that principal and surety are joint and several obligors does not explicitly state a similar presumption as between cosureties. Secondly, defendant relies upon *Todd v. Windsor,* 118 Ga. App. 805 (165 SE2d 438), for the proposition that the liability of cosureties, as between themselves is not a joint and several obligation.

Defendant's reliance upon *Todd v. Windsor,* 118 Ga. App. 805, supra, is misplaced as this decision relates only to those circumstances which exist where a cosurety has paid the total amount of his defaulting principal's debt and thus has become subrogated to the rights and remedies of the creditor and entitled to enforce his right to contribution against his cosureties. See OCGA § 10-7-56. In such an action, a cosurety plaintiff is bound by the substantive rules pertaining to contribution and is not entitled to enforce these obligations against his cosureties in exactly the same manner and in the same amounts as could the creditor. Even if applicable to the case sub judice, *Todd v. Windsor,* 118 Ga. App. 805, supra, is not supportive of defendant's position since it holds that as to the cosurety which paid the principal's debt, the liability of each of the remaining cosureties is several and not joint.

The cosureties in the case sub judice, Walter Luce, individually, and defendant, set forth in different instruments their separate promises to pay the debt of their principal. Thus, the reciprocal rights and liabilities among the cosureties which arise from the relationship, such as the right to contribution and to the benefit of security and indemnity in the hands of the other, are not founded on contract but on general considerations of justice and equity. See 72 CJS, Principal & Surety, §§ 261; 262; 266. In the case sub judice, there is no contract

to which both cosureties are parties, therefore they are not joint contractors or obligors. The rule followed in *Turner Outdoor Advertising v. Old South Corp.*, 185 Ga. App. 582, 583 (2), 584, supra, is not applicable to the case sub judice and offers no support for the trial court's determination that Walter Luce was a necessary party under OCGA § 9-11-19 (a) (1). The trial court erred in granting defendant's motion to dismiss plaintiff's complaint.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 8, 1990.

*Wallace C. Clayton*, for appellant.
*Abraham A. Sharony*, for appellee.