A92A1363. HILL v. McGARITY et al.
(424 SE2d 62)

SOGNIER, Chief Judge.

In 1981, Thomas Hill entered into a contract to purchase real estate owned by Arch McGarity and 12 others as tenants in common. The other owners executed a power of attorney authorizing McGarity to sign the sales contract on their behalf. The sale failed to close, and Hill instituted this action in 1982 alleging the defendants had breached the sales contract and seeking to recover approximately $3,000 in expenses he had incurred for a survey and title examination in attempting to perform the contract, as well as attorney fees. Service was perfected only on McGarity and one other defendant. These two defendants moved for summary judgment, which was granted, and this court reversed that judgment in a prior appeal. *Hill v. McGarity*, 179 Ga. App. 788 (347 SE2d 679) (1986). In 1991, the two defendants who had been served filed motions to dismiss for failure to timely prosecute, which were granted by the trial court. Hill appeals.

The motions to dismiss were made on the ground that appellant had failed to serve 12 of the defendants in the action; that the running of the statute of limitation barred appellant's claim against the unserved parties; that they were indispensable parties; and that as a result the action could not be maintained against appellees. Three of the unserved defendants filed affidavits in which they averred that they had not been served; had not waived their right to service or avoided service; and had resided openly and notoriously for more than ten years in the county in which suit had been brought. It is undisputed that the applicable statute of limitation is six years. OCGA § 9-3-24. The trial court found that the unserved defendants were indispensable parties pursuant to OCGA § 9-11-19, and granted the motions to dismiss because appellant had failed "to act reasonably and diligently in attempting service."

Appellant contends the trial court erred by granting appellees' motions to dismiss. Appellant argues, apparently based on an estoppel theory, that appellees' failure to raise the question of joinder of the other landowners earlier should bar them from raising it after the

statute of limitation had run. See generally *Rigdon v. Walker Sales &c.*, 161 Ga. App. 459, 462-463 (288 SE2d 711) (1982). We note that unlike the usual situation in which the question of indispensable parties arises, e.g., *Guhl v. Tuggle*, 242 Ga. 412-414 (1) (249 SE2d 219) (1978), the parties in issue here were named in the original action. The lack of diligence found by the trial court was appellant's failure to effect service of process on the remaining named defendants. While lack of service is an affirmative defense that is waived unless raised at the time for the first responsive pleading, OCGA § 9-11-12 (h) (1), we question whether appellees, the served defendants, had standing to raise the defense of lack of service on other parties. Moreover, the fact that the parties have allowed this action to languish in the trial court for over ten years is not easily condoned, particularly in view of the relatively modest sum involved. Nonetheless, it is undisputed that 12 of the named defendants were not served, and thus no valid action exists against them, *Larsen v. Larsen*, 224 Ga. 112-113 (3) (160 SE2d 383) (1968), and a defense of failure to join an indispensable party may be asserted at any time up to and including a trial on the merits. OCGA § 9-11-12 (h) (2); *Rigdon*, supra. Hence, appellees were not estopped to move for dismissal based on appellant's failure to join indispensable parties.

The trial court found that "[e]ach of the parties' relationship to the property and to each other is that of an undivided common interest. . . . Additionally, any right that [appellant] has arises under the contract." Thus, as co-obligors under the real estate sales contract, the unserved defendants are indispensable parties. *Wall v. Wall*, 176 Ga. 757, 759 (168 SE 893) (1933); *Turner Outdoor Advertising v. Old South Corp.*, 185 Ga. App. 582, 583 (365 SE2d 149) (1988). We agree with the trial court's determination that the unserved defendants are indispensable parties. We do not, however, agree with the trial court that this determination necessarily mandated dismissal of the action.

"Ordinarily, it is error to dismiss a petition or complaint for failure to join an indispensable party. Such a party should be joined in the action . . . so the case can be considered on its merits." *Dismuke v. Stynchcombe*, 237 Ga. 420, 421 (4) (228 SE2d 817) (1976). A reasonable time before dismissal must be allowed for joinder of the indispensable parties, *Henry v. Moister*, 155 Ga. App. 462, 463 (1) (271 SE2d 40) (1980), unless that would be fruitless, as in cases where the court lacks jurisdiction. *Dismuke*, supra. Nothing in the record indicates that the trial court lacks jurisdiction over the remaining landowners, that they would not be amenable to service of process, or that they cannot be joined for some other reason. Compare id. Although they may be entitled to raise the affirmative defense of the statute of limitation in the action against them, that defense would be waived if, once they are served, they do not assert it affirmatively in responsive

pleadings. *Wood v. Wood*, 239 Ga. 120, 121 (6) (236 SE2d 68) (1977).

Accordingly, we hold that the trial court erred by granting appellees' motions to dismiss based on the running of the statute of limitation against the indispensable parties. The ruling of the trial court granting appellees' motions to dismiss is reversed, and the case remanded to the trial court with direction that appellant be allowed a reasonable time to join the indispensable parties.

*Judgment reversed and remanded with direction. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 19, 1992.

*J. Wayne Moulton, Terry N. Massey,* for appellant.
*Arch W. McGarity,* pro se.
*R. Nathan Langford, Jr., Thomas D. Carr,* for appellees.

