A96A0425, A96A0426. HENDRICKS v. BLAKE & PENDLETON, INC.; and vice versa.
(472 SE2d 482)

Judge Harold R. Banke.

In this suit on a bond posted to discharge a materialman's lien, Blake & Pendleton, Inc. ("Blake"), a building materials supplier, alleged that the surety on the bond, Howard R. Hendricks, Jr. d/b/a Hendricks Contracting Company ("Hendricks"), owed it for plumbing materials furnished at the direction of a bankrupt subcontractor. After the trial court entered judgment in Blake's favor but declined to award prejudgment interest, this appeal and cross-appeal ensued.

This case arose after H. Hendricks Contracting, Inc. agreed to act as general contractor for the Griffin Corporation in the construction of a laboratory. A subcontractor on the job, Ronald Radney d/b/a Radney Plumbing Contractors ("Radney"), ordered over $16,000 in materials from Blake. After Blake shipped the materials, invoiced Radney, and never received payment, it contacted Griffin and Hendricks seeking payment and ultimately filed and recorded a timely lien on the property. After Blake filed the lien, Radney filed a bankruptcy petition and Griffin paid Hendricks over $123,900. Approximately a month after the lien was filed, Hendricks executed a property bond to release the lien which listed "Hendricks Contracting Company, a Georgia Corporation," as principal and Howard R. Hendricks as surety. The latter pledged certain property in consideration of the lien's discharge. It is undisputed that Blake was never paid for the materials. *Held*:

1. The trial court reached the proper verdict. Hendricks does not dispute that Radney owed Blake for the materials or the measure of damages. Instead, Hendricks maintains that Blake's claim is pre-

cluded by its failure to sue the proper party, H. Hendricks Construction Company, as principal on the bond, due to the lack of privity of contract between Blake and Howard Hendricks individually.

We disagree. It is undisputed that Blake satisfied the statutory requisites required to prevail on the underlying lien by (1) substantially complying with its contract to supply the materials and (2) filing a claim of lien against the improved property. OCGA § 44-14-361.1 (a) (1), (2); *Palmer v. Duncan Wholesale*, 262 Ga. 28, 29 (413 SE2d 437) (1992). Radney's intervening bankruptcy relieved Blake of the necessity of complying with OCGA § 44-14-361.1 (a) (3) by commencing an action for recovery of the amount of his claim against the contractor or subcontractor. OCGA § 44-14-361.1 (a) (4). Before the time expired for Blake to proceed in rem against the property improved, Hendricks executed the bond. Id. The requisites of OCGA § 44-14-361.1 (a) thus presented no barrier to Blake's entitlement to the lien.

Hendricks relies on *Ben Hill Ready Mix &c. v. Prather*, 160 Ga. App. 149 (286 SE2d 481) (1981), for the argument that Blake sued the wrong party. That case is distinguishable because no intervening bankruptcy relieved the materialman from the obligation to sue the contractor or subcontractor to whom the material was furnished. Moreover, that case involved no property bond.

Clearly, the property bond posted under OCGA § 44-14-364 (a) did not relieve Blake of the burden of proving its entitlement to the underlying lien, but simply served as a substitute for the lien, thereby removing a legal impediment to the property's free conveyance. *Roberts v. Porter, Davis &c.*, 193 Ga. App. 898, 902 (3) (389 SE2d 361) (1989); *North v. Waffle House*, 177 Ga. App. 162, 163 (1) (338 SE2d 750) (1985); Hinkel, Construction Mechanics' & Materialmen's Liens (2nd ed. 1994), § 8-2. But the bond provided the necessary contractual link between Blake and Hendricks individually. As in any contract, the liability of a surety on a bond is governed by the intention of the parties as expressed in the agreement. See *Barge & Co. v. Oakwood Steel Co.*, 128 Ga. App. 597, 598 (197 SE2d 405) (1973). The bond at issue stated that the principal and the surety "bind ourselves and our legal representatives and successors, jointly and severally, unto . . . [Blake] in the amount of $16,854.96." Because the materialman may "'sue the principal and the surety jointly, or at his option he may sue either the principal or the surety alone,'" the corporate contractor was not an indispensable party and the verdict must stand. *Noland Co. v. Commercial Ins. Co.*, 141 Ga. App. 285, 286 (1) (233 SE2d 259) (1977); see *Mayer Elec. Supply Co. v. Federal Ins. Co.*, 195 Ga. App. 191 (393 SE2d 270) (1990).

2. The trial court erred in declining to award prejudgment interest. Prejudgment interest is allowable on all liquidated demands

---

where the amount owed is fixed and certain. *Walter E. Heller & Co. v. Aetna Business Credit*, 158 Ga. App. 249, 264 (4) (c) (280 SE2d 144) (1981). The damages in this case were sufficiently liquidated to permit prejudgment interest at seven percent per annum because the value of the underlying debt was not disputed, only certain amounts credited against the debt. *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253, 255 (2) (342 SE2d 694) (1986); *Turner Constr. Co. v. Elec. Distrib.*, 202 Ga. App. 726, 727 (2) (415 SE2d 325) (1992). However, liquidated demands "bear interest from the time the party shall become liable and bound to pay them." OCGA § 7-4-15. Hendricks individually did not become liable and bound to pay the debt until after he became the surety and Blake demanded payment solely from him. See *Cherokee Ins. Co. v. Lewis*, 204 Ga. App. 152, 155 (5) (418 SE2d 616) (1992). From the record, it appears that occurred when the complaint in this action was filed on March 15, 1991. Thus, the prejudgment interest of seven percent per annum must be calculated on the liquidated damages of $15,791.06 from that date.

3. Blake requests damages for a frivolous appeal pursuant to OCGA § 5-6-6. Although we find no merit in this appeal, we cannot conclude it was filed solely for purposes of delay. Accordingly, Blake's motion for imposition of frivolous appeals damages is denied.

*Judgment affirmed in Case No. A96A0425 and reversed in Case No. A96A0426. Pope, P. J., and Smith, J., concur.*

DECIDED JUNE 5, 1996 —

*O. Wayne Ellerbee*, for appellant.
*James E. Jarvis, Jr.*, for appellee.