## A97A1367. INDUSTRIAL MECHANICAL, INC. v. SIEMENS ENERGY & AUTOMATION, INC.

### (495 SE2d 103)

Judge Harold R. Banke.

Industrial Mechanical, Inc. ("Industrial") sued Siemens Energy & Automation, Inc. ("Siemens") to recover for a debt allegedly owed by Free Flow Cooling, Ltd. ("Free Flow"), a British company. It is undisputed that the trial court lacked jurisdiction over Free Flow. Industrial appeals the trial court's dismissal of its action against Siemens based on the court's determination that Free Flow was an indispensable party.

Industrial alleged in its complaint that it subcontracted with Free Flow for a portion of a construction project in Texas and that Free Flow breached that subcontract by failing to pay $171,974.44, plus interest, to Industrial.[1] Yet, Industrial did not sue the real property owner, or Free Flow, the party allegedly in breach. Industrial made no claim of any contractual relationship between itself and Siemens or any alleged breach of any contract other than a purported guaranty. *Held*:

---

[1] About one month after Industrial filed the instant action, Free Flow sued Industrial, an Arizona corporation, in federal district court in Arizona. Free Flow sought declaratory relief and sued Industrial for breach of contract, breach of fiduciary duty, interference with prospective contractual relations, defamation, and an action on an account. The trial court here declined to speculate as to why Industrial did not seek relief against Free Flow in the federal action.

To determine whether Free Flow was an indispensable party, we need look no further than Industrial's complaint and the document which Industrial claimed it attached to its complaint. In so doing, we do not consider the viability of Industrial's underlying claim that Free Flow breached its agreement with Industrial but only address whether Free Flow was an indispensable party to Industrial's claims against Siemens. *Floyd Davis Sales v. Central Mtg. Corp. &c.*, 197 Ga. App. 532, 533 (398 SE2d 820) (1990) (this Court considered the record evidence to ascertain party's indispensability).

This purported guaranty is a single page of correspondence dated January 27, 1994, which is included in the appellate record and which Industrial referenced as "Exhibit A" to its complaint. Industrial claimed that this document constituted an enforceable surety agreement between itself and Siemens. It is undisputed that Industrial's claim for indemnification is based solely on this document. This purported guaranty is a handwritten telefax from Siemens addressed to Industrial Free Flow (a different entity who is not a party here)[2] which states in pertinent part, "We have received preliminary notices and we like [sic] to point out that the contract we have signed does not allow for such action to recourse [sic] with the customer. Please advise all subcontractors and suppliers that the only recourse that they will have is against Siemens." The correspondence was signed with "[k]ind regards" by Arnold Schultz, Siemens' senior project manager for the Welsh Project. In paragraph 17 of its complaint, Industrial contended that "By virtue of the letter [the above exhibit] . . . that sum [Free Flow's alleged debt] became due by Defendant [Siemens] to Plaintiff."

A contract of guaranty or suretyship is primarily one to pay the debt of another which may be due and payable by the principal debtor to the creditor upon default. *Hartsfield Co. v. Shoaf*, 184 Ga. 378, 380 (191 SE2d 693) (1937). "The contract of suretyship is one of strict law; and the surety's liability will not be extended by implication or interpretation." OCGA § 10-7-3. Nowhere in the fax did Siemens guarantee the debt of any specified entity or state that Siemens was agreeing to indemnify anyone or pay the obligations on behalf of anyone else. This fax failed to identify the principal debtor whom Siemens purportedly agreed to indemnify and failed to state that Siemens agreed to answer for that entity's debt. In the absence of these essential terms, the fax does not constitute a contract of guaranty as a matter of law. *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127,

---

[2] The record contains a Memorandum of Understanding between Industrial and Free Flow in which they agreed inter alia: (1) that Free Flow was to act as an exclusive consultant to Industrial and (2) to form a U. S. company, Industrial Free Flow Company, as a division of Industrial.

128 (296 SE2d 417) (1982) (failure of document to state the identity of the entity whom guarantor agreed to indemnify is fatal). See *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992) and *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259, 260 (411 SE2d 87) (1991). Thus, despite Industrial's claim that the fax constituted a "written indemnity contract," it is apparent that as a matter of contract law, no guaranty exists and that even if it did, Siemens did not guarantee the indebtedness of Free Flow, who was not Siemens' "customer." See OCGA § 10-7-3 (contract of suretyship cannot be extended by implication).

Notwithstanding Industrial's claim to the contrary, cases involving performance bonds or pledges are inapplicable because no performance bond or pledge was alleged to exist here. Compare *Hendricks v. Blake & Pendleton, Inc.*, 221 Ga. App. 651, 652 (1) (472 SE2d 482) (1996); *Mayer Elec. Supply Co. v. Fed. Ins. Co.*, 195 Ga. App. 191, 192 (393 SE2d 270) (1990); *Noland Co. v. Commercial Ins. Co. &c.*, 141 Ga. App. 285, 286 (1) (233 SE2d 259) (1977). Similarly, Industrial's reliance on *Floyd Davis Sales*, 197 Ga. App. at 533, is misplaced because the parties in that case, unlike here, were co-sureties.

In the absence of any contract for suretyship, the only remaining theory for Siemens' liability is that it was a co-obligor on Free Flow's purported debt. As previously noted, it is undisputed that Free Flow is not subject to the trial court's jurisdiction. As a general rule, where a court lacks jurisdiction over a party, and the party cannot be joined to the action, a court "must determine, by considering the factors set forth in OCGA § 9-11-19 (b), if the necessary party is also an indispensable party without whom the action should not proceed." *Turner Outdoor Advertising, Ltd. v. Old South Corp.*, 185 Ga. App. 582, 584 (2) (365 SE2d 149) (1988). However, as the Supreme Court of Georgia has previously held, where joint obligors to a contract are not joined, as here, the case must be dismissed. *Wall v. Wall*, 176 Ga. 757, 759 (168 SE 893) (1933). Thus, even assuming for the sake of argument only that Siemens was a joint obligor for Free Flow's alleged indebtedness, Free Flow was an indispensable party without whom the action could not proceed. Id.

Even if the action had not been foreclosed by the holding of *Wall*, supra, the trial court determined that Industrial failed to present any argument "in equity [or] good conscience" as to why the action should proceed. OCGA § 9-11-19 (b). Accordingly, the trial court's dismissal was proper and must be affirmed. *Turner Outdoor Advertising*, 185 Ga. App. at 584 (2).

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., and Ruffin, J., concur. McMurray, P. J., Smith and Eldridge, JJ., dissent.*

SMITH, Judge, dissenting.

I must respectfully dissent because I cannot agree that Free Flow is an indispensable party. Industrial's case against Siemens depends upon whether the fax from Schultz constitutes a guaranty, i.e., it depends upon whether any guaranty existed. If it did, Industrial had the right to bring an action against Siemens severally. If no guaranty existed, then Siemens is not responsible at all. In either case, Free Flow is not an indispensable party, and the merits of the dispute between Free Flow and Siemens are being litigated in another action. Because Free Flow was not an indispensable party, the trial court erred in dismissing the action on that basis.

I am authorized to state that Presiding Judge McMurray and Judge Eldridge join in this dissent.

DECIDED DECEMBER 5, 1997 —
RECONSIDERATION DENIED DECEMBER 18, 1997 

*John T. Longino*, for appellant.
*King & Spalding, Louis N. Jameson, Mitzi L. Hill*, for appellee.

