## WHOLE COURT

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**March 26, 2013**

# In the Court of Appeals of Georgia

A12A2093. PARSONS v. MERTZ et al. DO-096

DOYLE, Presiding Judge.

Richard L. Parsons filed suit in magistrate court against Jamie Mertz, Patrick Ryan, Virtual Properties Realty, Inc., and Virtual Properties Plus, Inc. (collectively, "Virtual Properties") to recover earnest money that Virtual Properties returned to Mertz and Ryan after a failed real estate closing. Following a hearing, the magistrate court ruled in favor of the defendants, and Parsons appealed to the superior court. The superior court granted Mertz's and Virtual Properties's subsequent motion to dismiss, and we granted Parsons's subsequent pro se application for discretionary appeal. We affirm in part, reverse in part, and remand the case, for the following reasons.

The record shows that on December 9, 2006, Parsons entered into an agreement with Mertz and Ryan to purchase a house in Gwinnett County; the closing was

scheduled for December 21, 2006. The purchase agreement required Parsons to pay the sellers earnest money in the amount of $1,000. On May 17, 2011, Parsons filed a pro se breach of contract action in magistrate court against Mertz, Ryan, and Virtual Properties, alleging therein that after Parsons's attorney sought to examine Ryan's identification, Ryan left the closing proceedings and did not return, resulting in Ryan's and Mertz's failure to execute the closing documents, which constituted a breach of the purchase agreement. Virtual Properties subsequently released the $1,000 earnest money to Mertz, and Parsons sought return of the earnest money and damages.

Parsons filed returns of service for all three defendants. The return of service for Ryan indicates that "Patrick A. Ryan" was served at a Lawrenceville address on June 24, 2011. In August 2011, the Ryan who was served wrote to the clerk of court, stating therein:

> My name is Patrick A. Ryan[,] but I am not the Patrick A. Ryan that was involved in the activity prompting this civil action. Until this civil action[,] I have had no knowledge or contact with . . . Parsons, or the defendants, . . . Mertz . . . or Virtual Properties. . . . I believe the plaintiff has wrongfully identified me as a defendant in this case and, if necessary, would testify to that in court. I have been in contact with . . . Parsons and provided a copy of my identification to him to assure him

2

I was not the party he wishes to pursue with this action[,] but he said he was unable to remove me from the action. . . .

At the October 6, 2011 hearing in magistrate court, a man named Patrick Ryan appeared and explained that he had been served but had no connection to the property or involvement in the actions forming the basis of the lawsuit. Parsons stated that he did "not recognize" the Ryan that appeared at the hearing, and Mertz agreed that the man was not her fiancee, Patrick Ryan, who was a party to the purchase agreement. After Parsons's former attorney testified that he was "virtually sure" that the Patrick Ryan who appeared at the hearing was not the same Patrick Ryan who appeared at the closing, the magistrate court released the man from the hearing, stating that although he failed to file a timely or proper answer, "it is clear that [he was] not the person that was there [at the closing]."[1]

At the conclusion of the hearing, at which witnesses from the parties testified about what took place at the closing,[2] the magistrate court announced that it was

---

[1] Parsons made a verbal motion for a default judgment against Ryan, but the trial court responded that it was "not the appropriate time."

[2] A representative for Virtual Properties testified that the sellers wanted to close, but Parsons would not do so. Parsons's attorney testified that he picked up Ryan's identification at the closing to verify his identity, and Ryan "snatched" it out of his hand, stormed out, and did not return. Mertz testified that Parsons's attorney

3

entering judgment in favor of the defendants, finding that based on the evidence, Parsons was not entitled to a refund of his earnest money. The court also dismissed Ryan from the action.

Parsons appealed to superior court, where Mertz and Virtual Properties filed a motion to dismiss or motion for judgment on the pleadings on the grounds that Parsons had failed to serve the proper Patrick Ryan, an indispensable party under OCGA § 9-11-19 (a) (1), and that the purchase agreement between the sellers and Parsons contained a "hold harmless" provision stating that all parties agreed not to bring suit against Virtual Properties for damages relating to its decision to disburse the earnest money. Following a hearing, the superior court granted the motion to dismiss. This appeal followed.

1. Parsons argues that he was entitled to a default judgment against Ryan. We disagree.

---

picked up Ryan's driver's license after the closing attorney had verified Ryan's identity and confirmed that the sellers could convey good and marketable title; in response to Parsons's concerns regarding title, Mertz offered to purchase additional title insurance, but Parsons declined.

4

According to Parsons, he properly served Patrick A. Ryan, the man listed on the purchase agreement.[3] Thus, Parsons argues, Ryan failed to timely answer and was in default, and the trial court erred by failing to enter a default judgment against Ryan.

"Service on the proper party is the responsibility of the plaintiff. . . ."[4] "A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Such an abuse occurs where the trial court's ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law."[5] "The trial court resolves factual disputes regarding service, and we will uphold the court's findings if there is any evidence to support them."[6]

There is evidence in the record to support the trial court's conclusion that the Patrick Ryan whom Parsons served had no connection to the parties or the purportedly breached agreement. Parsons concedes that the man who appeared at the

---

[3] In support of his argument, Parsons alleges that there is only one "Patrick A. Ryan" in Gwinnett County, the location of the house he contracted to buy.

[4] (Punctuation omitted.) *Charming Shoppes of Delaware, Inc. v. Parrish*, 214 Ga. App. 729, 730-731 (448 SE2d 781) (1994).

[5] (Citations and punctuation omitted.) *Mathis v. BellSouth Telecommunications, Inc.*, 301 Ga. App. 881 (690 SE2d 210) (2010).

[6] *Aikens v. Brent Scarbrough & Co., Inc.*, 287 Ga. App. 296, 297 (651 SE2d 214) (2007).

magistrate court hearing was not the man who identified himself as Ryan at the closing. Thus, in the absence of proper service on the correct defendant Ryan, the trial court did not abuse its discretion by failing to grant a default judgment against Ryan.[7]

2. Parsons contends that even if he was not entitled to a default judgment against Ryan, he was still permitted to proceed against Virtual Properties and Mertz.

(a) *Virtual Properties*. The purchase agreement between the parties addressed which party was entitled to disbursement of the earnest money[8] and provided that Virtual Properties would disburse it to the proper party "upon a reasonable interpretation of the contract." The agreement also contained, however, an indemnification and hold harmless clause:

> All parties hereby agree to indemnify and hold [Virtual Properties] harmless from and against all claims, causes of action, suits[,] and damages arising out of or related to the performance by [Virtual Properties] of its duties hereunder. *All parties further covenant and agree not to sue [Virtual Properties] for damages relating to any*

---

[7] See *Charming Shoppes*, 214 Ga. App. at 731 (plaintiff is not entitled to judgment against the wrong defendant); *Deal v. Rust Engineering Co.*, 169 Ga. App. 60, 61 (1) (311 SE2d 499) (1983) ("reasonable diligence to ensure proper timely service upon a defendant is the plaintiff's responsibility").

[8] The agreement provided that Mertz and Ryan were entitled to the earnest money if the agreement was "terminated due to the default of [Parsons]." Otherwise, Parsons was entitled to the earnest money.

*decision of [Virtual Properties] to disburse earnest money made in accordance with the requirements of this Agreement.*[9]

Parsons's agreement not to bring suit against Virtual Properties (who had the authority to make a reasonable determination regarding which party was entitled to the earnest money) for damages resulting from disbursement of the earnest money is fatal to his claim against Virtual Properties. Accordingly, the trial court did not err by granting Virtual Properties' motion to dismiss.[10]

(b) *Mertz*. Parsons argues that the trial court erred by dismissing his claim against Mertz on the grounds that the correct Patrick Ryan was an indispensable party and that Parsons's failure to serve and join him as a party required dismissal of his claim against her.

"[O]rdinarily, it is error to dismiss a petition for failure to join an indispensable party. Rather, the party should be joined so the case can be considered on the merits. However, a complaint may be dismissed for failure to join an indispensable party

---

[9] (Emphasis supplied).

[10] See, e. g., *Waller v. Economic & Community Dev. Dept.*, 269 Ga. App. 129, 132 (1) (603 SE2d 442) (2004).

7

when the court lacks jurisdiction of the indispensable party."[11] OCGA § 9-11-19, which governs the joinder of indispensable parties, provides in subsection (a):

> A person who is subject to service of process shall be joined as a party in the action if:
>
> (1) In his absence complete relief cannot be afforded among those who are already parties; or
>
> (2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
>
> (A) As a practical matter impair or impede his ability to protect that interest; or
>
> (B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If the trial court concludes that a person described in OCGA § 9-11-19 (a) can be served, it "*must* allow a reasonable time for the absent parties to be joined."[12] If a

---

[11] (Citation and punctuation omitted.) *Dixon v. Cole*, 277 Ga. 353, 354 (1) (589 SE2d 94) (2003).

[12] (Citations omitted; emphasis supplied.) *Altama Delta Corp. v. Howell*, 225 Ga. App. 78, 80 (3) (483 SE2d 127) (1997).

8

trial court concludes that a party described in OCGA § 9-11-19 (a) *cannot* be joined as a party for venue, lack of jurisdiction, or some other reason, then the trial court "shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable."[13] In making that decision, the trial court must consider the following five factors:

(1) To what extent a judgment rendered in the person's absence might be prejudicial to him or to those already parties;

(2) The extent to which, by protective provisions in the judgment, by the shaping of relief, or by other measures, the prejudice can be lessened or avoided;

(3) Whether a judgment rendered in the person's absence will be adequate;

(4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder; and

(5) Whether and by whom prejudice might have been avoided or may, in the future, be avoided.[14]

---

[13] OCGA § 9-11-19 (b).

[14] Id.

Here, the record does not reflect that the trial court gave Parsons a reasonable time to join Ryan. Pretermitting whether Parsons's continued insistence that he was entitled to a default judgment against Ryan obviated the requirement that the trial court give him additional time to serve Ryan,[15] there is no indication in the record that the trial court made a determination regarding whether Ryan could be served.[16]

Accordingly, we reverse the trial court's grant of Mertz's motion to dismiss and remand the case for the trial court to determine whether Ryan is an indispensable party who must be joined pursuant to OCGA § 9-11-19 (a) and whether he can be served.[17] If the trial court concludes that Ryan cannot be served, it must then decide

---

[15] Neither the written order nor the hearing transcript indicate the basis for the trial court's ruling dismissing the case. Thus, although the trial court apparently granted Mertz's motion to dismiss based on her argument that Parsons failed to join Ryan, Parsons was never so advised.

[16] See *Hill v. McGarity*, 205 Ga. App. 850, 851 (424 SE2d 62) (1992) (reversing dismissal of the action based on failure to join indispensable parties because "[n]othing in the record indicates that the trial court lacks jurisdiction over the remaining [defendants], that they would not be amenable to service of process, or that they cannot be joined for some other reason").

[17] See *Wright v. Safari Club Intl.*, 307 Ga. App. 136, 139 (706 SE2d 84) (2010); *Hill*, 205 Ga. App. at 851.

whether the case should proceed in his absence pursuant to OCGA § 9-11-19 (b), taking into account the factors listed in that Code section.[18]

*Judgment affirmed in part and reversed in part, and case remanded. Ellington, C.J., Barnes, P.J., Miller, P.J., Phipps, P.J., Andrews, Dillard, McFadden, Boggs, Ray, Branch and McMillian, JJ., concur.*

---

[18] To determine if a joint obligor is an indispensable party, the trial court must consider the factors set forth in OCGA § 9-11-19 (b) in light of the substantive law regarding contractual joint obligors. In *Winder v. Winder*, 218 Ga. 409, 412-413 (128 SE2d 56) (1962), the Supreme Court of Georgia held that a joint obligor "was, under the provisions of [OCGA § 9-2-26] and the uniform rulings of this [C]ourt, a necessary and essential party to the suit to enforce the contract (*Graham v. Marks*, 95 Ga. 38, 39 (21 SE 986) (1894); *Wall v. Wall*, 176 Ga. 757, 759 (168 SE 893) (1933)), in the absence of an averment that would have shown [the joint obligor] *to be dead, beyond the jurisdiction of the court, or 'not to be found.'*" (emphasis supplied). In *Turner Outdoor Advertising, Ltd. v. Old South Corp.*, 185 Ga. App. 582, 583 (2) (365 SE2d 149) (1988) and *Indus. Mechanical, Inc. v. Siemens Energy & Automation, Inc.*, 230 Ga. App. 1, 3 (495 SE2d 103) (1997), this Court wrongly relied on quoted language from *Wall*, 176 Ga. at 759, to find that substantive law requires that breach of contract actions must be dismissed in all cases where joint obligors cannot be joined. We conclude that the Supreme Court's opinion in *Winder* sets forth the substantive law regarding joint obligors and clarified or implicitly overruled any statement in *Wall* that could be construed to hold that all cases must be dismissed where joint obligors cannot be joined. Thus, consistent with the holding in *Winder*, we overrule *Turner* and *Indus. Mechanical* to the extent they require dismissal of *all* breach of contract cases where joint obligors cannot be joined.